**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

**KOREIN TILLERY PC**
Christopher Burke (CA 214799)
cburke@koreintillery.com
Walter Noss (CA 277580)
wnoss@koreintillery.com
Kate Lv (CA 302704)
klv@koreintillery.com
707 Broadway, Suite 1410
San Diego, CA 92101
Tel: (619) 625-5620

Chad Bell (*pro hac vice*)
cbell@koreintillery.com
205 N. Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEATHER BIDDLE, et al.,<br><br>                          Plaintiffs,<br><br>         v.<br><br>THE WALT DISNEY COMPANY,<br><br>                          Defendant. | Consolidated Case No. 5:22-cv-07317-EJD<br><br>**NOTICE OF PENDENCY OF OTHER ACTION PURSUANT TO LOCAL RULE 3-13** |

Plaintiffs in the above-captioned action hereby provide the Court with notice pursuant to Local Rule 3-13 of the pendency of an action—*fuboTV Inc. et al. v. The Walt Disney Co. et al.*, 1:24-cv-01363-MMG-JEW (S.D.N.Y.)—filed last week in the United States District Court for the Southern District of New York by a Disney competitor in the SLPTV Market. The *fuboTV* action, which was commenced by a complaint filed under seal on February 20, 2024 and subsequently filed publicly in redacted form, involves some of the same subject matter as this litigation, as well as an overlapping party—Disney. Pursuant to the requirements of L.R. 3-13(b), Plaintiffs state as follows:

**Description of the other action (L.R. 3-13(b)(1))**:

The *fuboTV* complaint was filed February 20 in the Southern District of New York, where it has been assigned to the Honorable Margaret Garnett. The complaint, a redacted version of which has been publicly filed and is attached to this pleading as <u>Exhibit A</u>, was brought by fuboTV, an SLPTV provider and Disney competitor. fuboTV's complaint asserts claims under Section 1 of the Sherman Act (15 U.S.C. § 8), under Section 7 of the Clayton Act (15 U.S.C. § 18), and under the Donnelly Act (N.Y. Gen. Bus. Law § 340) against the Walt Disney Company, Hulu LLC, ESPN, Inc., ESPN Enterprises, Inc., Fox Corporation, and Warner Bros. Discovery Inc., for unreasonable restraint of trade, *per se* unlawful tying, unlawful block-booking, and vertical restrains of trade in the streaming live pay television ("SLPTV") market and in the market for licensing of television channels featuring sports content (the "Sports Program Licensing Market"), as well as (for fuboTV's tying claims) the market for "Commercially Critical Sports Channels" (tying market) and "Non-Critical Television Channels) (tied market). fuboTV seeks damages (including treble damages, costs, reasonable attorneys' fees, pre-judgment interest, and post-judgment interest), divestiture by Defendants of their proposed joint venture (a SLPTV service that "will combine rights to most commercially critical sports content in a single entity"), and equitable relief to prohibit the anticompetitive conduct alleged in fuboTV's complaint. Among other things, fuboTV's complaint alleges that Disney's Base Term and MFN clauses raise barriers to entry in the SLPTV Market by "prevent[ing] new and nascent competitors from offering a differentiated service at better prices, lowering their ability and incentive to challenge the dominant incumbents YouTube TV and Hulu

TV." *fuboTV* ECF 1 at ¶ 210; *see id.* at ¶¶ 10 (MFN clauses place new entrants at competitive disadvantage), 110 (ESPN terms raise barriers to entry), 119 (MFN clause raises barriers to entry).

**Operative Complaint (L.R. 3-13(b)(2))**:

A redacted copy of the operative complaint, as publicly filed in the *fuboTV* case, is attached to this pleading as Exhibit A.

**Procedural Posture of the Other Action (L.R. 3-13(b)(3)(A))**:

The *fuboTV* case only recently commenced, on February 20, 2024. No answer or motions to dismiss have been filed to date.

**Relationship of the Other Action to the Action Pending this District, and the Nature of the Overlap of Subject Matter and/or Parties (L.R. 3-13(b)(3)(B))**:

There is substantial overlap, but also substantial differences, between the consolidated *Biddle* action pending in this Court and the *fuboTV* action recently filed in New York.

Both the *fuboTV* case and the consolidated *Biddle* case pending in this district assert claims under Section 1 of the Sherman Act (15 U.S.C. § 1) and the Donnelly Act (N.Y. Gen. Bus. Law § 340) against the Walt Disney Company for anticompetitive conduct in the SLPTV Market, including through Disney's ESPN and Hulu lines of business. Both cases allege Disney's conduct, including with respect to SLPTV carriage agreements, raised barriers to entry in the SLPTV market. Plaintiffs anticipate discovery of both actions to involve similar topics (including SLPTV carriage agreements, related correspondence, and negotiations) and custodians/witnesses.

Unlike the consolidated *Biddle* case, the *fuboTV* case: (1) is brought by an SLPTV competitor, fuboTV, not consumers in the SLPTV Market; (2) is an individual action (not a class action); (3) names as additional defendants Fox Corporation, Warner Bros. Discovery, Inc., Hulu, LLC, ESPN, Inc., and ESPN Enterprises, Inc., as part of a conspiracy to monopolize a different relevant market; (4) asserts additional claims under Section 7 of the Clayton Act (15 U.S.C. § 18), challenging a joint venture in a separate market; and (5) does not assert state law claims under Arizona, California, Florida, Michigan, North Carolina, Tennessee, Illinois, Iowa, Massachusetts, and/or Nevada law.

**Statement Regarding Whether Transfer Should Be Effected Pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) or Whether Other Coordination Might Avoid Conflicts, Conserve Resources and Promote an Efficient Determination of the Action (L.R. 3-13(b)(3)(C))**:

Plaintiffs are still evaluating the recently filed *fuboTV* complaint, and at this juncture have not yet concluded that transfer under 28 U.S.C. § 1407 is necessary. *First*, as noted above, although there is some overlap between the consolidated *Biddle* case and the recently-filed *fuboTV* case in regards to parties and subject matter, that overlap is not total, and there are differences of scope, parties, and claims between the cases. The overlap between the *Biddle* and *fuboTV* cases could potentially be dealt with through discovery coordination. *Second*, the consolidated *Biddle* case is much further advanced than the just-filed *fuboTV* case, where the named defendants have not yet even appeared. In the *Biddle* case, by contrast, this Court has already adjudicated a motion to dismiss, and sustained Plaintiffs' Rule of Reason claim under Section 1 of the Sherman Act. An Amended Complaint with state law claims has been filed, and Disney's motion to dismiss that amended pleading has been fully briefed and is currently under submission. Discovery is open in *Biddle*, the parties have negotiated an ESI Protocol and Protective Order, and Disney has produced carriage agreements (after nearly a year of delay). The *Biddle* parties are actively corresponding regarding further discovery issues, including custodians, search terms/protocol, and Disney's apparent objection to producing documents from its owned-and-controlled subsidiaries without motion practice. *Third*, to the extent coordination might conserve resources and promote efficiency, Plaintiffs' counsel in this matter and counsel for fuboTV (the Kellogg Hansen firm) have coordinated efforts on behalf of separate plaintiffs in litigation before, and are confident they can work together (and with Defendants in each action) to identify and realize efficiencies in the conduct of discovery.

Should centralization or transfer be required, Plaintiffs submit that all relevant cases should be transferred to this Court, given the significantly advanced status of the consolidated *Biddle* case.

1   Dated:  February 26, 2024                    Respectfully submitted,

2                                               By:   */s/ Yavar Bathaee*

3                                               BATHAEE DUNNE LLP

4                                               Yavar Bathaee (CA 282388)
                                                yavar@bathaeedunne.com
5                                               Andrew C. Wolinsky (CA 345965)
                                                awolinsky@bathaeedunne.com
6                                               445 Park Avenue, 9th Floor
                                                New York, NY 10022
7                                               Tel.: (332) 322-8835

8
                                                Brian J. Dunne (CA 275689)
9                                               bdunne@bathaeedunne.com
                                                Edward M. Grauman (*pro hac vice*)
10                                              901 South MoPac Expressway
                                                Barton Oaks Plaza I, Suite 300
11                                              Austin, TX 78746
                                                Tel.: (213) 462-2772
12

13                                              KOREIN TILLERY PC
                                                Christopher Burke (CA 214799)
14                                              cburke@koreintillery.com
                                                Walter Noss (CA 277580)
15                                              wnoss@koreintillery.com
                                                Kate Lv (CA 302704)
16                                              klv@koreintillery.com
                                                707 Broadway, Suite 1410
17                                              San Diego, CA 92101
                                                Tel: (619) 625-5620
18

19                                              Chad Bell (*pro hac vice*)
                                                cbell@koreintillery.com
20                                              205 N. Michigan Avenue, Suite 1950
                                                Chicago, IL 60601
21                                              Tel: (312) 641-9750
22

23                                              *Attorneys for Plaintiffs and the*
                                                *Proposed Classes*
24

25

26

27

28