**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
Priscilla Ghiță (*p.h.v.* forthcoming)
pghita@bathaeedunne.com
Bryce W. Talbot (*p.h.v.* forthcoming)
btalbot@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
Kaki J. Johnson (*p.h.v.* forthcoming)
kjohnson@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

Allison Watson (CA 328596)
awatson@bathaeedunne.com
3420 Bristol Street Suite 600
Costa Mesa, CA 92626
Tel: (213) 462-2772

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEATHER BIDDLE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY,<br><br>Defendant. | Case No. 5:22-cv-07317-EJD<br><br>**PLAINTIFFS' MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL**<br><br>Hon. Edward J. Davila<br><br>Hearing Date: July 31, 2025<br><br>Hearing Time: 9:00 a.m. |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 2

BACKGROUND ................................................................................................................. 3

ARGUMENT ...................................................................................................................... 8

I. AN APPOINTMENT OF INTERIM LEAD COUNSEL IS NECESSARY TO COMPLETE THE SETTLEMENT IN PRINCIPLE WITH DISNEY, WHICH IS CONTINGENT ON GLOBAL SETTLEMENT AS TO ALL SUBSCRIBER CLAIMS, INCLUDING THOSE OF FUBOTV SUBSCRIBERS ................................... 8

II. BATHAEE DUNNE IS QUALIFIED TO ADEQUATELY REPRESENT ALL PLAINTIFF-SUBSCRIBERS ............................................................................... 11

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) .................................................................................................... 11

*Brown v. Accellion, Inc.*,
  2023 WL 1930348 (N.D. Cal. Feb. 10, 2023) ............................................................. 8

*In re Deepwater Horizon*,
  739 F.3d 790 (5th Cir. 2014) ...................................................................................... 11

*In re Hyundai & Kia Fuel Economy Litig.*,
  926 F.3d 539 (9th Cir. 2019) ...................................................................................... 11

*Jabbari v. Farmer*,
  965 F.3d 1001 (9th Cir. 2020) .................................................................................... 11

**Rules**

Fed. R. Civ. P. 23(g) advisory committee's note to 2003 amendment ........................... 9

Fed. R. Civ. P. 23(g)(1)(B) ............................................................................................. 8

Fed. R. Civ. P. 23(g)(2) .................................................................................................. 8

Fed. R. Civ. P. 23(g)(3) ........................................................................................... *passim*

**Other Authorities**

Manual for Complex Litigation § 21.11 (4th ed. Sept. 2024 update) ........................... 9

# NOTICE OF MOTION AND MOTION

To all parties and their counsel of record:

Please take notice that at 9:00 a.m. on July 31, 2025, or as soon thereafter as the matter may be heard, Plaintiffs Michelle Fendelander, Ronda Lee Haines, Michael Hughes, John Manso, Jasmine McCormick, Scott Thompson, Angel Hernandez, Douglas Yarema, Tamika Anderson, Heather Biddle, David Kenward, Angela Heard, Utica Cason, Nicholas Dowd, Don Knoch, Connie Harrison, Laura Molina, Steven Tucker, Dustin Shapiro, Dev Singh, David Show, William Gaskins, Jeffrey Kaplan, Joel Wilson, and Justin Brewer (plaintiff in proposed Second Amended Consolidated Class Action Complaint) ("Plaintiffs"), through their undersigned counsel, will and hereby do move this Court, the Honorable Edward J. Davila, at the United States District Court for the Northern District of California, located at Robert F. Peckham Federal Building, 280 South 1st Street, 5th Floor, San Jose, California 95113, for an order appointing Yavar Bathaee of Bathaee Dunne LLP ("Bathaee Dunne") as interim lead class counsel for a putative class of YouTube TV, DirecTV Stream, and fuboTV subscribers.

This motion is made pursuant to Federal Rule of Civil Procedure 23(g)(3), and on the grounds that the appointment of interim lead class counsel is appropriate at this time. FED. R. CIV. P. 23(g)(3). Bathaee and the Bathaee Dunne firm meet all the requirements for the appointment of interim lead class counsel. Bathaee Dunne performed extensive and unique work identifying, investigating, pleading, and litigating the claims in this action. Bathaee and the firm also bring extensive experience leading complex class actions, particularly antitrust cases. Bathaee Dunne has already devoted considerable resources to prosecuting this action over the course of nearly three years and is prepared to continue doing so in an efficient and effective manner, including as it reduces the in-principle settlement obtained for subscribers to a final settlement agreement to be presented to this Court for approval. This case and the class(es) will benefit from the appointment of Yavar Bathaee and the Bathaee Dunne firm as interim lead class counsel.

This motion is supported by the Declaration of Yavar Bathaee and any additional arguments and evidence permitted by the Court.

# MEMORANDUM OF LAW

## INTRODUCTION

This case was filed almost three years ago, after several months of extensive factual investigation by Bathaee Dunne LLP ("Bathaee Dunne"), and since then, the firm has shepherded the case on behalf of Plaintiffs through two motions to dismiss and years of discovery, including coordination with counsel in the fuboTV competitor suit against Disney in the Southern District of New York.

On April 15, 2025, Plaintiffs in this action agreed with Disney to privately mediate the matter before the Hon. Layn Phillips (Ret.), one of the most experienced mediators in the United States. After submitting mediation statements to Judge Phillips in May, the parties mediated in person on June 4, and on June 5, reached a settlement in principle that compensates YouTube TV, DirecTV Stream, and fuboTV streaming live pay television ("SLPTV") subscribers and provides them injunctive relief aimed at mitigating the alleged anticompetitive conduct at issue in the case.

The settlement in principle, which settles both the claims asserted in the Amended Consolidated Class Action Complaint (the "ACAC") and those in the proposed Second Amended Consolidated Class Action Complaint (the "SCAC") recently lodged with the Court, remains subject to an important condition: Disney will *only* consummate the settlement if it binds all the subscribers and settles all of their claims, including the fuboTV subscriber claims in the proposed SCAC. Otherwise, Disney will not settle the case, and the proposed settlement in principle for all subscribers will be a nullity. Bathaee Dunne therefore seeks an order from this Court appointing Yavar Bathaee as interim lead class counsel pursuant to FED. R. CIV. P. 23(g) to reduce the parties' term sheet to a final settlement agreement and to seek preliminary and final approval of the settlement from the Court on behalf of all subscriber groups, including fuboTV subscribers.

Such an appointment is unquestionably in the best interest of a settlement class of all subscribers at issue. The in-principle settlement was hard-won and the product of extensive negotiation. Plaintiffs' mediation position was an informed one, based on an understanding of the confidential evidence produced in the case to date, the strength of Plaintiffs' claims and Disney's defenses, the risks and expense of continued litigation, and the relative value of an early pre-

certification settlement of the claims. YouTube TV, DirecTV Stream, and fuboTV subscribers all receive the same relief—monetary and injunctive—and all subscribers are identically situated with respect to a settlement class, such that any subset of the named plaintiffs in the ACAC or SCAC can stand in the shoes of a settlement class of all subscribers. Indeed, with respect to the fuboTV subscribers specifically, their interests were vigorously pressed at mediation and their claims are identical in substance to those asserted by YouTube TV and DirecTV Stream subscribers.

As explained below, it is implausible a better settlement could have been obtained for any fuboTV (or YouTube TV or DirecTV Stream) subscriber than the one recently obtained after arms-length mediation with Judge Phillips, after years of litigation and extensive, hard-fought discovery. More, if this fair, multifaceted settlement with Disney falls through, there is no guarantee that any SLPTV subscribers—YouTube TV subscribers, DirecTV Stream subscribers, or fuboTV subscribers—will receive *any* relief for their claims, let alone the significant monetary and injunctive relief these subscribers will receive if this Rule 23(g)(3) motion is granted.

## BACKGROUND

Almost three years ago, this consolidated action against The Walt Disney Company ("Disney") was commenced as two separate actions on November 18, 2022—one on behalf of a putative class of YouTube TV subscribers and the other on behalf of a putative class of DirecTV Stream subscribers. Class Action Complaint, Dkt. No. 1, *Biddle v. The Walt Disney Co.*, No. 5:22-cv-07317-EJD ("*Biddle*"); Class Action Complaint, Dkt. No. 1, *Fendelander v. The Walt Disney Co.*, No. 5:22-cv-07533-EJD ("*Fendelander*"). The initial complaints were the products of several months of extensive factual investigation and economic analysis by Bathaee Dunne, the undersigned counsel seeking appointment in this motion. Bathaee Decl. ¶ 3. The investigation revealed, among other things, significant restrictions of supply and output of streaming live pay television ("SLPTV") bundles in Disney's carriage agreements for ESPN and other related channels. *Id.* The two complaints were the first in the United States to assert claims based on these restrictions. *Id.* Specifically, they asserted claims under Section 1 of the Sherman Act for damages and injunctive relief (per 15 U.S.C. § 26) on behalf of individual plaintiffs and putative classes of SLPTV subscribers.

On January 31, 2023, Disney moved to dismiss the complaints, and on July 3, 2023, Dkt. No. 19,[1] Disney moved to stay the cases pending resolution of its motions to dismiss, Dkt. No. 43. Bathaee Dunne opposed Disney's motions to dismiss and to stay, and on July 13, 2023, presented oral argument before the Court. Dkt. No. 45. On September 30, 2023, the Court granted in part and denied in part Disney's motion to dismiss, and allowed Plaintiffs leave to amend. Dkt. No. 51. The Court also terminated Disney's motion for a stay of discovery as moot. *Id.* As of the date of this motion, discovery has never been stayed against Disney, and Bathaee Dunne has spearheaded discovery for plaintiffs since the commencement of the *Biddle* and *Fendelander* actions. On October 13, 2023, the Court consolidated the *Biddle* and *Fendelander* cases into the lower-numbered *Biddle* action. Dkt. No. 53.

Shortly thereafter, Plaintiffs amended the Class Action Complaint, docketing a single Consolidated Amended Class Action Complaint (the "ACAC") asserting claims on behalf of the putative YouTube TV and DirecTV Stream classes. Dkt. No. 59. The ACAC asserts claims for an injunction benefiting indirect purchasers of ESPN-related channels, but pleads them on behalf of a nationwide class that includes YouTube TV and DirecTV Stream subscribers. Plaintiffs also seek damages under various state antitrust statutes that allow indirect purchaser claims. At the time of the filing of the ACAC, discovery into Rule 23 typicality and predominance as to the asserted claims was ongoing. Bathaee Decl. ¶ 4.

On December 1, 2023, Disney again moved to dismiss the operative ACAC in its entirety, including on grounds the Court had already rejected as part of its September 2023 decision. Bathaee Dunne opposed the motion on behalf of Plaintiffs. The Court heard oral argument on the second motion to dismiss on February 15, 2024, at which Yavar Bathaee of Bathaee Dunne presented argument on behalf of Plaintiffs. On June 25, 2024, the Court granted in part and denied in part Disney's second motion to dismiss. On July 9, 2024, Disney answered the ACAC.

Since the commencement of the case, the parties have engaged in extensive discovery practice. Bathaee Decl. ¶ 5. The parties negotiated search parameters, custodians, and a

---

[1] Disney filed identical motions in both *Biddle* and *Fendelander* actions. References to docket numbers are to the *Biddle* docket, which later became the consolidated docket for both actions.

technology-assisted review protocol. *Id.*; Dkt. No. 112. The parties have also litigated discovery disputes as to Plaintiffs' first set of document requests before Magistrate Judge van Keulen. Dkt. Nos. 108 & 109. All of this discovery was handled by Bathaee Dunne on behalf of Plaintiffs, including oral arguments before Judge van Keulen and status conferences before this Court.

On February 22, 2024, while Disney's second motion to dismiss was under submission in this Court, fuboTV, Inc. ("fuboTV") filed suit against Disney in the Southern District of New York, asserting competitor claims under the Sherman and Clayton Acts. Complaint, Dkt. No. 1, *FuboTV v. The Walt Disney Co.*, No. 1:24-cv-01363 (MMG) (the "*fuboTV* action"). fuboTV's lawsuit sought to enjoin a joint venture among Disney and its competitors to provide sports programming and also asserted claims under Section 1 of the Sherman Act for harm to competition in the same SLPTV Market alleged in this case, based on the same carriage-agreement-related conduct alleged in Plaintiffs' complaints. Bathaee Decl. ¶ 6. Indeed, the fuboTV complaint drew heavily from the allegations in the complaints filed in this action. *Id.* On February 26, 2024, Plaintiffs filed a notice with this Court alerting it of the fuboTV action as well as of the overlapping allegations and claims in the *fuboTV* complaint. Dkt. No. 82. Plaintiffs pledged to coordinate discovery with fuboTV as it litigated its case in the S.D.N.Y. *Id.* On April 29, 2024, fuboTV filed a sealed amended complaint. *Fubo*, Dkt. No. 145. On April 8, 2024, fuboTV sought a preliminary injunction on its Clayton Act claim, *fuboTV* Dkt. No. 94, 95 & 96 (sealed memorandum of law), and on August 16, 2024, the court granted the preliminary injunction in an opinion and order. *fuboTV*, Dkt. No. 290 (public) & 291 (sealed).

On January 6, 2025, fuboTV filed a stipulation of voluntary dismissal. *fuboTV*, Dkt. No. 375. According to a press release issued by fuboTV the same day, Disney had agreed to purchase a controlling stake in fuboTV for a collective payment of $220 million and a $145-million term loan. The acquisition would end the litigation between the parties. The transaction was slated to close in the beginning of 2026.[2]

---

[2] Press Release, fuboTV Inc. and The Walt Disney Company, Fubo and Disney's Hulu + Live TV Virtual MVPD Businesses to Combine (Jan. 6, 2025), https://ir.fubo.tv/news/news-details/2025/Fubo-and-Disneys-Hulu/default.aspx; Alex Weprin, *Disney to Merge Hulu + Live TV*

Until its dismissal and settlement, Plaintiffs coordinated discovery with fuboTV and Disney with respect to the *fuboTV* action, including by requesting discovery produced, and testimony rendered, by both parties in that action as part of the preliminary injunction proceedings. Bathaee Decl. ¶ 7. Plaintiffs also continued discovery as to class definition and Rule 23's requirements (*i.e.*, scope of injunctive relief, typicality, and predominance) ahead of Plaintiffs' upcoming motion for class certification. *Id.*

While this and other discovery was pending, a single plaintiff filed suit on January 14, 2025, in the Southern District of New York on behalf of a putative class of fuboTV subscribers. *Unger v. The Walt Disney Co.*, No. 1:25-cv-00375 (S.D.N.Y.), Dkt. No. 1 (the "*Unger* Compl."). The allegations in the *Unger* Complaint appeared taken directly from the allegations in the ACAC in this case, and further from the public pleadings in the fuboTV action (which itself drew from Bathaee Dunne's ACAC with respect to the asserted Section 1 claims). The *Unger* action also purported to assert claims on behalf of every *Illinois Brick* "repealer" state in the country, *Unger* Compl. ¶¶ 126-248, despite including only a single named plaintiff domiciled in Maryland, *id.* ¶ 29. On January 30, 2025, Disney and the *Unger* Plaintiffs stipulated to transfer the *Unger* action to this Court. *Unger* (S.D.N.Y.) Dkt. No. 19, and the transferred case was docketed as *Unger v. The Walt Disney Co.*, No. 5:22-cv-07317. *Unger*, Dkt. No. 19. The case was related to this action on February 24, 2025, and assigned to the Hon. Edward J. Davila for further proceedings on the same day. *Unger*, Dkt. No. 39.

On April 28, 2025, the *Unger* Plaintiffs amended their complaint, adding an additional plaintiff domiciled in California, but continuing to purport to assert claims on behalf of a class of every plaintiff in every "repealer" state that had subscribed to fuboTV's SLPTV product. The allegations in the *Unger* Amended Complaint remained almost entirely derivative of the allegations that had been set forth in pleadings in this action almost three years ago. *See* Am.

---

*With Fubo, Taking on YouTube TV and Ending Venu Lawsuit*, The Hollywood Reporter, Jan. 6, 2025, https://www.hollywoodreporter.com/business/business-news/disney-hulu-live-tv-with-fubo-1236100636/; Todd Spangler, *Disney Inks Deal to Merge Hulu Live TV With Fubo, Ending Lawsuit Seeking to Block Venu Sports Streamer*, Variety, Jan. 6, 2025, https://variety.com/2025/tv/news/disney-hulu-live-tv-fubo-merger-ending-venu-lawsuit-1236266843/.

Compl., *Unger* Dkt. No. 60. Moreover, the two *Unger* Plaintiffs sought the same injunctive relief as part of their Sherman Act claim as sought long ago by Plaintiffs in this action. *See id.* ¶¶ 138-56.

Shortly after the settlement and dismissal of the *fuboTV* action in the S.D.N.Y., Plaintiffs in this action began investigating the announced acquisition of fuboTV by Disney, including potential anticompetitive effects in the SLPTV Market. Bathaee Decl. ¶ 8. After Disney substituted its counsel in February of 2025, new defense counsel began to produce substantive custodial documents in earnest. *Id.* As Plaintiffs prepared to seek leave to file an amended complaint challenging the Disney acquisition of fuboTV under Section 7 of the Clayton Act, including on behalf of fuboTV customers, the *Unger* Plaintiffs notified Plaintiffs that they intended to seek to litigate their duplicative claims separately, duplicating discovery and fragmenting the subscriber classes, including as to the identical injunctive relief sought. *Id.* Plaintiffs noted their opposition to the *Unger* Plaintiffs' position and notified the Court in their joint case management statement filed with the Court ahead of the May 15 case management conference of their intent to file a proposed Second Amended Consolidated Class Action Complaint (the "SCAC"). Dkt. Nos. 137 & 138. Plaintiffs submitted the proposed SCAC under seal as part of their five-page Court-ordered submission on May 30, 2025, and noted their intention to seek an interim lead class counsel appointment under FED. R. CIV. P. 23(g)(3). Dkt. No. 144.

Well before the dispute triggered by the *Unger* Plaintiffs' stated intention to litigate a parallel and duplicative action to this one, Disney and Plaintiffs in this case had agreed on April 15 to privately mediate the asserted claims before the Hon. Layn Phillips (Ret.). Bathaee Decl. ¶ 9. Plaintiffs and Disney submitted separate mediation statements to Judge Phillips on May 27, 2025. *Id.* On June 4, 2025, the parties mediated the claims in person. *Id.* The next day, on June 5, the parties reached principal terms settling the claims asserted in the ACAC, as well as in the proposed SCAC lodged with the Court, which included Sherman Act and Clayton Act claims on behalf of fuboTV subscribers. *Id.* The settlement is contingent on Plaintiffs' authority to settle all claims on behalf of all subscribers at issue, including the fuboTV subscribers. *Id.* ¶ 10. If no such authority is granted, the negotiated settlement falls through. *Id.*

Plaintiffs bring this motion under Fed. R. Civ. P. 23(g)(3) to seek authority to finalize the settlement terms, memorializing the agreed-upon term sheet into a final settlement agreement on behalf of YouTube TV, DirecTV Stream, and fuboTV subscribers and seeking preliminary approval of the settlement from this Court on their behalf.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Interim class counsel is appointed where "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Brown v. Accellion, Inc.*, 2023 WL 1930348, at *2 (N.D. Cal. Feb. 10, 2023) (Davila, J.) (citations omitted). "Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the Court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1)." *Id.* Courts also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "If more than one adequate applicant is seeking appointment, the Court must appoint the applicant 'best able to represent the interests of the class.'" *Brown*, 2023 WL 1930348, at *2 (citing Fed. R. Civ. P. 23(g)(2)).

**I.    An Appointment of Interim Lead Counsel Is Necessary to Complete the Settlement in Principle with Disney, which Is Contingent on Global Settlement as to All Subscriber Claims, Including Those of fuboTV Subscribers**

As described above, Plaintiffs agreed with Disney to mediate the claims on April 15, 2025, before the Hon. Layn Phillips. Bathaee Decl. ¶ 9. After submitting mediation statements to Judge Phillips on May 27, 2025, the parties mediated the matter in person on June 4, 2025. *Id.* The next day, the parties reached a mediated settlement. *Id.*[3] The in-principle settlement resolves the claims asserted in the ACAC and in Plaintiffs' proposed SCAC, which was lodged with the Court on May 30, 2025. *Id.*

---

[3] Although the terms of the in-principle settlement are at this time still confidential, Plaintiffs are willing to provide the Court with particulars *in camera*.

-8-
Plaintiffs' Motion to Appoint Interim Lead Class Counsel – No. 5:22-cv-07317-EJD

Disney has conditioned the settlement on a full release of the Sherman Act and Clayton Act claims asserted in the ACAC and proposed SCAC, including those asserted on behalf of fuboTV subscribers. Bathaee Decl. ¶ 10. Absent authority to finalize the settlement on behalf all subscribers at issue, Plaintiffs' hard-fought settlement in principle will be a nullity, as Disney will not agree to settle claims absent global peace as to all subscribers and all claims.

Plaintiffs accordingly seek an order under FED. R. CIV. P. 23(g)(3) appointing Yavar Bathaee of Bathaee Dunne as interim lead class counsel for YouTube TV, DirecTV Stream, and fuboTV subscribers, which will allow him to finalize the agreed-upon settlement in principle. *See* FED. R. CIV. P. 23(g) advisory committee's note to 2003 amendment ("Settlement may be discussed before certification. Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate."); MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. Sept. 2024 update). Such an appointment is unquestionably in the best interest of the class. The settlement in principle was hard-won, resulting from an arm's-length mediation before one of the most experienced mediators in the United States, Judge Phillips. Bathaee Dunne negotiated the settlement in principle in light of (a) the risks of continued litigation, (b) the strength of Plaintiffs' case, (c) the strength of Disney's defenses, and (d) the likely benefits of continued litigation as weighed against the immediate benefits of settlement.

Because Bathaee Dunne investigated, pleaded, and litigated this case, the decision to settle was an informed one that considered all of the relevant factors above and appropriately weighed them. No other plaintiffs' counsel could possibly have comparable firsthand knowledge of the relevant evidence produced in this case and the strengths and weaknesses of the asserted legal claims that have been extensively litigated for almost three years in this Court. Moreover, given the difficult negotiations required to obtain the settlement in principle, it is unlikely that different counsel can obtain better terms from Disney. Indeed, Plaintiffs expect that Judge Phillips will likely provide a declaration as to the fairness of the settlement and arm's-length nature of the mediation if and when Plaintiffs move for preliminary approval of a final settlement agreement.

In addition, the settlement maximizes the recovery for fuboTV subscribers, as it obtains the same terms for those subscribers as it does for the other two groups of subscribers, including the significantly larger YouTube TV class. Indeed, fuboTV subscribers' interests were represented and vigorously pressed during the mediation, as the parties mediated all claims that have, or potentially will be, asserted in the action, including those asserted in the proposed SCAC. Given the course of negotiations, it is implausible that different counsel can obtain better terms for any of the subscribers at issue, including fuboTV subscribers, by engaging in separate negotiations with Disney. To the contrary, Disney will not partially settle the claims asserted against it, nor will piecemeal negotiations maximize the recovery for any one subscriber group.

With respect to counsel for the *Unger* Plaintiffs, they have not participated in discovery, litigated any pleadings motions or any of the merits, and have no firsthand knowledge of the strengths and weaknesses of the claims asserted. Moreover, because the fuboTV subscriber claims the *Unger* counsel assert are based on the same series of transactions or occurrences at issue in this action, *Unger* Plaintiffs' counsel are not likely to have a superior understanding of the settlement calculus, nor will they have any knowledge of the strengths and weaknesses of Plaintiffs' substantive case because they have not yet even seen any of the evidence (including hundreds of thousands of pages of custodial documents) produced in this case that is subject to the protective order between the parties. The *Unger* Plaintiffs will also not likely be able to improve the settlement by continuing litigation, as they would have to catch up to almost three years of discovery just to obtain the same level of knowledge Bathaee Dunne already brought to the negotiation table at the June 4 mediation with Judge Phillips. What's more, *Unger* Plaintiffs' counsel do not appear to have any unique knowledge of the facts concerning fuboTV and its interactions with Disney, as most of the *Unger* claims and allegations are copied from those asserted in this action (and transitively, in the New York *fuboTV* competitor case).

Finally, Plaintiffs in this action are adequate representatives of all subscribers in the proposed settlement class (and subclasses to the extent necessary). Plaintiffs asserting claims in the ACAC on behalf of YouTube TV and DirecTV Stream subscribers assert identical claims to those possessed by fuboTV subscribers. Moreover, Plaintiffs' proposed SCAC, which Disney has

indicated it will accept by consent upon a FED. R. CIV. P. 23(g)(3) order by this Court, includes a fuboTV subscriber plaintiff and claims on behalf of a putative class of fuboTV subscribers. As Courts have explained, any subset of these plaintiffs are able to stand in the shoes of a settlement class of subscribers, who are in every material respect identically situated as to a settlement class. *See In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 556-557 (9th Cir. 2019) (en banc) ("The criteria for class certification are applied differently in litigation classes and settlement classes. In deciding whether to certify a litigation class, a district court must be concerned with manageability at trial. However, such manageability is not a concern in certifying a settlement class where, by definition, there will be no trial."); *see also Jabbari v. Farmer*, 965 F.3d 1001, 1007-08 (9th Cir. 2020) (settlement class based on varying state-law claims sufficiently cohesive where federal claim asserted); *In re Deepwater Horizon*, 739 F.3d 790, 818 (5th Cir. 2014) ("[T]he existence of a settlement agreement allows the district court to dispense altogether with considering at least one of the Rule 23(b)(3) concerns: 'the likely difficulties in managing a class action.' . . . [A]fter a class action has been settled, by definition the litigation has been resolved and the questions have been answered." (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997)).

## II.     Bathaee Dunne Is Qualified to Adequately Represent All Plaintiff-Subscribers

As described above, Bathaee Dunne was responsible for the initial factual investigation of the allegations at issue in this case as well as the first lawsuit asserting claims for Disney's carriage-agreement restraints on the SLPTV market. Bathaee Decl. ¶ 3. The firm has vigorously litigated the case through two heated motions to dismiss and almost three years of discovery. Moreover, Yavar Bathaee has obtained a settlement in principle for YouTube TV, DirecTV Stream, and fuboTV subscribers that both fairly compensates them for their damages claims and provides injunctive relief that will mitigate, if not abate, future harm to competition in the SLPTV Market. Bathaee Decl. ¶ 9. This favorable settlement, obtained after nearly three years of hard-fought litigation, will be a nullity if counsel is unable to bind all three groups of subscribers and finalize a settlement agreement for the Court's approval.

To briefly highlight the Bathaee Dunne firm's expertise and experience for the Court's consideration, the following is a brief description of each firm partner's experience and qualifications to represent the settlement class:

**Yavar Bathaee**. Mr. Bathaee currently is co-lead counsel in several other class actions, including numerous court-appointed leadership roles. *See, e.g.*, *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-8570 (N.D. Cal.), Dkt. 73 (appointing Mr. Bathaee as interim co-lead counsel for a putative class of purchasers of advertisements on Facebook); *Corrente v. The Charles Schwab Corporation*, No. 4:22-cv-470 (E.D. Tex.), Dkt. 157 (appointing Mr. Bathaee as interim co-lead counsel for a putative class of Schwab and TD Ameritrade brokerage customers). Mr. Bathaee has also represented clients in some of the largest class actions, multidistrict litigations, and trials in the last decade, including in antitrust, RICO, securities, and bankruptcy cases. Mr. Bathaee holds a bachelor's degree in Computer Science and Engineering from the University of California, Davis, and is a *magna cum laude*, Order of the Coif graduate of Fordham Law School.

**Brian Dunne**. Mr. Dunne has been lead, co-lead, or class counsel in dozens of complex plaintiff-side cases, including consumer class actions, antitrust cases, and patent cases, for more than a decade. Mr. Dunne has also received leadership appointments in class actions across the country. *See, e.g.*, *In re Visa Debit Card Antitrust Litig.*, No.1:24-cv-7435 (S.D.N.Y.), Dkt. 87 (appointing Bathaee Dunne LLP as Interim Executive Committee Counsel on behalf of class of Visa debit card holders); *In re Passenger Vehicle Replacement Tires Antitrust Litig.*, No. 5:24-md-3107 (N.D. Ohio), Dkt. 137 (appointing Mr. Dunne to Steering Committee representing end-payor purchasers). Mr. Dunne holds a bachelor's degree in Physics from Stanford University and graduated with Honors, Order of the Coif, from the University of Chicago Law School, where he was a member of the University of Chicago Law Review. Prior to private practice, Mr. Dunne clerked for Hon. Jay S. Bybee of the United States Court of Appeals for the Ninth Circuit and Hon. Susan P. Read of the New York Court of Appeals.

**Edward Grauman**. Mr. Grauman is currently counsel in multiple class actions, and for twenty years has litigated high-stakes, complex cases, including several notable antitrust and environmental cases. Mr. Grauman holds a bachelor's degree from the Massachusetts Institute of

Technology and is a *cum laude* graduate of Harvard Law School. Mr. Grauman clerked for Hon. William H. Walls of the United States District Court for the District of New Jersey.

**Andrew Wolinsky**. Mr. Wolinsky represents clients in class actions throughout the country. He has represented clients as both plaintiffs and defendants in complex and class cases, including in the areas of antitrust, bankruptcy, commodities, and manufacturing. He holds an undergraduate degree from Tufts University, graduating *magna cum laude*, and is a *cum laude* graduate of Fordham Law School. Prior to entering private practice, Mr. Wolinsky clerked for Hon. Jane R. Roth of the United States Court of Appeals for the Third Circuit and Hon. Loretta A. Preska, then-Chief Judge of the United States District Court for the Southern District of New York. Mr. Wolinsky also previously served as an Assistant Special Counsel for Public Integrity in the Office of the Governor of New York State.

Messrs. Bathaee, Dunne, Grauman, and Wolinsky will work alongside a team of well-qualified associates and counsel at Bathaee Dunne, including:

- **Kaki Johnson**, Bathaee Dunne counsel, a former federal law clerk with nearly ten years' experience in complex litigation and class actions.
- **Allison Watson**, Bathaee Dunne associate, a former federal law clerk who has worked on the *Biddle* and *Fendelander* cases for nearly three years.
- **Priscilla Ghiță**, Bathaee Dunne associate, who like Ms. Watson has years' of experience with the claims, defenses, and evidence in the *Biddle* and *Fendelander* cases.
- **Bryce Talbot**, Bathaee Dunne associate, a former state supreme court law clerk with experience on both the plaintiff and defense side of complex actions.

\* \* \*

At bottom, Bathaee Dunne is capable of continuing to vigorously represent SLPTV subscribers, including fuboTV subscribers. Credentials and qualifications aside, Bathaee Dunne has litigated this matter for almost three years and has obtained a favorable early settlement with Disney for all three groups of subscribers. Counsel respectfully submit that this is the best and

most direct evidence of their commitment to fight for class members in this case as it settles, as claims are administered, and until the Court ultimately enters a final order resolving the matter.

## CONCLUSION

The Court should enter an order under FED. R. CIV. P. 23(g)(3) appointing Yavar Bathaee of Bathaee Dunne LLP interim lead class counsel for a putative class of YouTube TV, DirecTV Stream, and fuboTV subscribers.

Dated: June 9, 2025

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
Kaki J. Johnson (*p.h.v.* forthcoming)
kjohnson@bathaeedunne.com
**BATHAEE DUNNE LLP**
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel: (213) 462-2772

Allison Watson (CA 328596)
awatson@bathaeedunne.com
**BATHAEE DUNNE LLP**
3420 Bristol Street Suite 600
Costa Mesa, CA 92626
Tel: (213) 462-2772

Respectfully submitted,

*/s/ Yavar Bathaee*
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
Priscilla Ghiță (*p.h.v.* forthcoming)
pghita@bathaeedunne.com
Bryce W. Talbot (*p.h.v.* forthcoming)
btalbot@bathaeedunne.com
**BATHAEE DUNNE LLP**
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835

*Attorneys for Plaintiffs and the Proposed Classes*