United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEATHER BIDDLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY,<br><br>Defendant. | Case No.   5:22-cv-07317-EJD<br><br>**ORDER CONSOLIDATING CASES;<br>SETTING BRIEFING SCHEDULE**<br><br>Re: ECF No. 149 |
| COLE UNGER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY,<br><br>Defendant. | Case No.   5:25-cv-01163-EJD |

On May 15, 2025, the Court held a joint status conference in the above-captioned cases. At the conference, the Court and parties discussed the potential for consolidating both cases, and the Court instructed the parties to submit supplemental briefs on the issue.  Having received those briefs, the Court concludes that consolidation is appropriate.

Rule 42(a) authorizes the courts to consolidate actions that pose "a common question of law or fact."  Fed. R. Civ. P. 42(a)(2).  Here, the *Biddle* and *Unger* actions involve common issues of law and fact.  Both are antitrust actions premised at least in part on Defendant's allegedly anticompetitive use of two contractual terms—referred to as base terms and most favored nation terms—that inflate prices in the streaming live pay TV (SLPTV) market.  Although *Biddle* and *Unger* involve subscribers to different SLPTV services, these legal and factual commonalities warrant consolidation.  What is more, *Biddle* counsel and Defendant now represent that they have

Case No.: 5:22-cv-07317-EJD
CONSOLIDATION ORDER                1

settled claims as to *all* putative subscriber classes in both *Biddle* and *Unger*, and *Biddle* plaintiffs have moved to appoint interim lead plaintiff and lead counsel. Given these overlaps, the Court **CONSOLIDATES** the *Biddle* and *Unger* actions as follows:

1. All papers filed in this Consolidated Action shall be filed under Case No. 5:22-cv-07317.

2. Related Case No. 5:25-cv-01163 shall be terminated in accordance with the regular procedures of the Clerk of this Court.

3. All papers previously filed and served to date in Case No. 5:25-cv-01163 are part of the record in the Consolidated Action, Case No. 5:22-cv-07317.

4. Each attorney who has already made an appearance or been admitted pro hac vice in Case No. 5:25-cv-01163 shall be deemed admitted in the Consolidated Action.

In light of this consolidation, the *Unger* plaintiffs are parties to the Consolidated Action, so there is no need for the *Unger* plaintiffs to move to intervene as they indicated in a recent notice. Instead, the Court sets a briefing schedule for the *Biddle* plaintiffs' pending motion to appoint lead plaintiff and lead counsel:

| Brief | Page Limit | Deadline |
|---|---|---|
| Opposition to *Biddle* motion/*Unger* cross-motion to appoint lead plaintiff and lead counsel | 15 pages | June 20, 2025 |
| Reply in support of *Biddle* motion/opposition to *Unger* cross-motion | 15 pages | July 1, 2025 |
| Reply in support of *Unger* cross-motion | 7 pages | July 8, 2025 |

If Defendant wishes to file a brief on this issue, it must do so by July 1, 2025. Any such brief shall not exceed 15 pages.

**IT IS SO ORDERED.**

Dated: June 10, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-07317-EJD
CONSOLIDATION ORDER                    2

United States District Court
Northern District of California