1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars
3  8th Floor
   Los Angeles, California  90067-6035
4  Telephone:    +1 310 553 6700
   Facsimile:    +1 310 246 6779
5
6  *Attorney for Defendant*
   *The Walt Disney Company*
7
8  *Additional Counsel on Signature Page*

9
                     **UNITED STATES DISTRICT COURT**
10
                    **NORTHERN DISTRICT OF CALIFORNIA**
11
                                **SAN JOSE**
12

13

14  Heather Biddle and Michelle Fendelander, | Case No. 5:22-cv-07317-EJD-SVK
    on behalf of themselves and all others   |
15  similarly situated,                      | **Defendant The Walt Disney
                                             | Company's Brief Regarding Plaintiffs'
16                     *Plaintiffs*,         | Motions Pursuant to F.R.C.P. 23(g)(3)**
17         v.                                | Judge: Hon. Edward J. Davila
                                             | Hearing Date: July 31, 2025
18  The Walt Disney Company,                 | Time: 9:00 a.m.
                                             | Courtroom 4 - 5th Floor
19                     *Defendant*.

## INTRODUCTION

Pursuant to the Court's June 10, 2025 Order Consolidating Cases and Setting Briefing Schedule, ECF No. 154, Defendant The Walt Disney Company submits this short brief on the appointment of interim lead class counsel under Federal Rule of Civil Procedure 23(g)(3). This paper corrects inaccuracies and mischaracterizations in the *Unger* plaintiffs' Brief in Opposition to the Motion to Appoint Lead Plaintiff and Lead Counsel and Cross-Motion to Appoint Co-Lead Counsel, ECF No. 159-1 (the "*Unger* Mot."). Unger's counsel conflate the merits of the proposed settlement with the sole matter before the Court regarding appointment of lead counsel. Their criticisms of the proposed settlement have no merit and Disney will address them at the appropriate time. Here, Disney addresses their complaints about the mediation process, which are baseless.

## BACKGROUND

In its September 12, 2024 Case Management Order, and after nearly two years of litigation, the Court ordered Disney and the *Biddle* plaintiffs to complete an ADR session by July 11, 2025. ECF No. 92 at 2. In February, Biddle's counsel reached out to Disney to discuss mediation, and the parties ultimately agreed to participate in a June 4, 2025 mediation with Judge Layn Phillips (Ret.), one of the most experienced mediators in the United States. Before that mediation, and in advance of a May 15, 2025 status conference, the *Biddle* plaintiffs informed the Court and all parties of their intent to amend their pleadings to add a fuboTV subscriber class and claims on its behalf. ECF No. 137 at 4. They filed a proposed second consolidated amended complaint (the "SCAC") containing those amendments on May 30, 2025, again in advance of the mediation. ECF No. 144-1.

As a result of the mediation, Disney and the *Biddle* plaintiffs reached a settlement in principle to resolve the *Biddle* plaintiffs' allegations on behalf of the YouTube TV and DirecTV Stream subscriber classes, as well as their proposed allegations on behalf of a class of fuboTV

subscribers. ECF No. 149-1 ¶ 9.[1] On June 5, 2025, Disney and the *Biddle* plaintiffs agreed to the key terms that would govern the proposed settlement. *Id.* One of which made the proposed settlement contingent upon Biddle's counsel's obtaining approval from the Court to certify a settlement class or classes to release the claims of YouTube TV, DirecTV Stream, and fuboTV subscribers. *Id.* ¶ 10. The following day, on June 6, 2025, Disney informed Unger's counsel of the proposed settlement and noted that Disney would not object to their submitting a fee application for their work on behalf of their clients. Shortly thereafter, Disney shared with Unger's counsel the interim and final confidential term sheets laying out the settlement terms, and a redacted version of the *Biddle* plaintiffs' proposed SCAC. Disney also facilitated opportunities for Unger's counsel to speak with Judge Phillips and his staff so that Unger's counsel could assure themselves that the mediation resulted from an arm's length negotiation process.

## ARGUMENT

### I. Unger's counsel's criticisms of the mediation have no merit.

Unger's counsel's criticisms of the mediation process are groundless:

*First*, Unger's counsel's claim of surprise is not credible. They were well aware that the Court entered a Case Management Order on September 12, 2024 requiring Disney and the *Biddle* plaintiffs to complete an ADR session by July 11, 2025. ECF No. 92 at 2. They also knew that the *Biddle* plaintiffs intended to litigate on behalf of a class of fuboTV subscribers—at the May 15, 2025 hearing, Unger's counsel asked the Court for an opportunity to intervene in *Biddle* and respond to the *Biddle* plaintiffs' motion to add those claims to their case. ECF No. 139 at 24:13-18. Even before then, Biddle's counsel informed the Court and all parties of (1) their intent to bring claims on behalf of a fuboTV subscriber class and (2) their position that fuboTV subscribers fell within the scope of their claims for classwide injunctive relief under the Sherman and Clayton Acts. ECF No. 137 at 4, 6. And after entering into the proposed settlement agreement, Disney informed Unger's counsel of the proposed settlement, shared interim and final versions of the

---

[1] Given its confidentiality obligations in connection with the mediation and proposed settlement, Disney is limited in what it can say here. Disney is happy to file a copy of the final term sheet under seal if it would assist the Court in adjudicating the Rule 23(g) motions.

- 2 -  DEF'S BRIEF RE: RULE 23(G)(3) MOTIONS | 5:22-CV-07317-EJD-SVK

term sheet, provided them a redacted copy of the *Biddle* plaintiffs' proposed SCAC, and arranged for them to speak with Judge Phillips and his staff.

*Second*, Disney disputes Unger's counsel's unsubstantiated claim that the mediation was "hasty" and its outcome "facially insufficient," or that it is working with the *Biddle* plaintiffs to "create[] false urgency." *Unger* Mot. at 1. While Unger's counsel only recently filed their case, Disney has been litigating against the *Biddle* plaintiffs since November of 2022. From Disney's perspective, *nothing* about the process that led to the proposed settlement was quick or easy— Disney has expended millions of dollars in litigation costs and likely more in employee time to reach this point. Similarly, the proposed settlement will show that Unger's counsel's claims about the proposed monetary and non-monetary class relief are unfounded. Finally, Disney is following the stepwise process that the proposed settlement envisions, starting first with the resolution of the Rule 23(g) issue. There is no rush.

*Third*, Disney has never taken the position that it would not negotiate with Unger's counsel. Unger's counsel never once reached out to Disney about mediation or settlement. Biddle's counsel did, and pursuant to the Court's order, Disney engaged with Biddle's counsel, who had litigated the case for over two years—including through two separate fully-briefed and argued motions to dismiss and extensive document discovery, which included Disney's internal correspondence and the fuboTV and other carriage agreements at the heart of this case—and appeared to have an equal claim to represent putative members of a fuboTV subscriber class. (The *Unger* complaint discloses two named plaintiffs as representatives while the proposed SCAC discloses one.) As discussed *supra*, the Case Management Order obligated Disney and the *Biddle* plaintiffs to meaningfully attempt to resolve their disputes pursuant to a Court-ordered ADR-deadline. And prior to the mediation, the *Biddle* plaintiffs filed the proposed SCAC that added a fuboTV subscriber class and additional claims on its behalf. The proposed settlement therefore appropriately addresses and resolves the claims of all three subscriber classes, and is not open to renegotiation.

*Finally*, the proposed settlement that Disney entered into with the *Biddle* plaintiffs is fair and adequate to each class of subscribers, as the long-form agreement will show. Disney and the

*Biddle* plaintiffs negotiated hard and at arms' length, and with the benefit of years of litigation on this case (unlike Unger's counsel, who only recently filed their complaint, which duplicates much of the earlier filed *Biddle* complaints). Notwithstanding their recent entry into the case, Disney told Unger's counsel that it would not oppose their filing a fee petition in connection with their work on their clients' behalf.

## CONCLUSION

The mediation that gave rise to the proposed settlement was hard-fought, informed by years of litigation, and resulted in a proposed settlement that is fair and adequate to each class of subscribers. To the extent Unger's counsel suggest otherwise in an attempt to prevent the Court from confirming Biddle's counsel's authority to negotiate the proposed settlement, they are wrong.

Dated: July 1, 2025

Respectfully submitted,

By: /s/ *Daniel M. Petrocelli*
      Daniel M. Petrocelli

dpetrocelli@omm.com (S.B. #97802)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

ANNA PLETCHER (S.B. #239730)
apletcher@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

SERGEI ZASLAVSKY (admitted *pro hac vice*)
szaslavsky@omm.com
BRIAN P. QUINN (admitted *pro hac vice*)
bquinn@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone:  (202) 383-5300
Facsimile:   (202) 383-5414

*Attorneys for Defendant*
*The Walt Disney Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record in this action via transmission of Notices of Electronic Filings generated by CM/ECF.

Dated: July 1, 2025

Respectfully submitted,

By:   /s/ *Daniel M. Petrocelli*
             Daniel M. Petrocelli

*Attorney for Defendant*
*The Walt Disney Company*