UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEATHER BIDDLE, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>THE WALT DISNEY COMPANY,<br><br>     Defendant. | Case No.   5:22-cv-07317-EJD<br><br>**ORDER APPOINTING INTERIM LEAD COUNSEL**<br><br>Re: ECF Nos. 149, 159 |

Before this Court are cross-motions for appointment as interim lead counsel under Rule 23(g). For the reasons that follow, the Court **APPOINTS** Bathaee Dunne LLP as interim lead counsel for the putative classes of YouTube TV and DirecTV Stream subscribers, and **APPOINTS** DiCello Levitt LLP and Lite DePalma Greenberg & Afanador, LLC as interim co-lead counsel for the putative class of FuboTV subscribers.

**I.   BACKGROUND**

Nearly three years ago, several plaintiffs (*Biddle* Plaintiffs) filed antitrust lawsuits against The Walt Disney Company. ECF No. 1[1]; Case No. 5:22-cv-07533, ECF No. 1. With those lawsuits, which the Court eventually consolidated, *Biddle* Plaintiffs charged Disney with anticompetitive conduct in the streaming live pay TV (SLPTV) market.

SLPTV providers offer subscribers the ability to stream live television over an internet connection. ECF No. 59 (operative *Biddle* complaint) at ¶¶ 253–54. These providers do so by entering into carriage agreements for rights to air various channels, and then they bundle the channels to which they have rights into packages sold to subscribers. *Id.* According to *Biddle*

---

[1] All record citations are to Case No. 5:22-cv-07317 unless otherwise specified.

Case No.: 5:22-cv-07317-EJD
ORDER APPOINTING INTERIM COUNSEL  1

1  Plaintiffs, Disney's main role in this system is as the owner of the sports channel, ESPN. Because
2  ESPN is so popular, many SLPTV subscribers demand access to ESPN. This gives Disney
3  significant leverage over SLPTV providers. Allegedly, Disney used this leverage to force SLPTV
4  providers into anticompetitive carriage agreements that raise prices through the use of two contract
5  terms—the Base Term and Most Favored Nation (MFN) Term. *See id.* at ¶¶ 82–84. The Base
6  Term requires SLPTV providers to include ESPN in the most basic package that they sell to
7  subscribers. The MFN Term requires Disney to provide an SLPTV provider with rights to ESPN
8  for the lowest price offered to any other market participant. Since Disney purportedly includes
9  MFN Terms in all its carriage agreements, lowering the price of ESPN for one provider requires
10 Disney to lower the price for all. *Id.* at ¶¶ 336–45. *Biddle* Plaintiffs claim that this, combined
11 with Disney's control of a large SLPTV provider, allows Disney to effectively sets a price floor in
12 the SLPTV market. *Id.* at ¶ 346–47.

13 Up until recently, *Biddle* Plaintiffs have litigated these claims as a putative class action on
14 behalf of subscribers to two SLPTV services: YouTube TV and DirecTV Stream. Represented by
15 the law firm Bathaee Dunne from inception to present, *Biddle* Plaintiffs have so far fought off two
16 motions to dismiss and engaged in well over a year of contentious discovery. ECF Nos. 51, 85.

17 Things changed six months ago, when another set of plaintiffs (*Unger* Plaintiffs) filed suit
18 against Disney in the Southern District of New York. Case No. 5:25-cv-1163, ECF No. 1. *Unger*
19 Plaintiffs challenged substantially the same conduct that *Biddle* Plaintiffs did, but on behalf of a
20 putative class of FuboTV subscribers. *Unger* Plaintiffs also brought additional antitrust and state
21 law claims based on this conduct that *Biddle* Plaintiffs did not. *Compare* ECF No. 59 (operative
22 *Biddle* complaint), *with* Case No. 5:25-cv-1163, ECF No. 60 (operative *Unger* complaint). Most
23 importantly for this Order, *Unger* Plaintiffs retained different law firms— DiCello Levitt and Lite
24 DePalma—than *Biddle* Plaintiffs did.

25 *Unger* Plaintiffs and Disney agreed to transfer their case to the Northern District of
26 California, where it was related to and consolidated with the *Biddle* case. Case No. 5:25-cv-1163,
27 ECF Nos. 18, 39, 72. Then, on May 15, 2025, the Court held a status conference during which
28 counsel for *Biddle* Plaintiffs and *Unger* Plaintiffs sparred over the control and scheduling of the

Case No.: 5:22-cv-07317-EJD
ORDER APPOINTING INTERIM COUNSEL  2

combined case. ECF No. 138. Based on discussion at the status conference, the Court directed the parties to further brief their positions on how best to proceed. But before the Court made any decisions on the issue, *Biddle* Plaintiffs and Disney announced that they had reached a settlement in principle. ECF No. 147. Although *Unger* Plaintiffs did not participate in the mediation that produced this proposed settlement, *Biddle* Plaintiffs purported to settle not just the putative YouTube TV and DirecTV Stream classes that they had always sought to represent, but also the putative FuboTV class that they had not previously sought to represent.

To secure the authority to settle, *Biddle* counsel (Bathaee Dunne) moved for appointment as interim lead counsel for all three putative classes under Rule 23(g). ECF No. 149. *Unger* counsel (DiCello Levitt and Lite DePalma) opposed as to the FuboTV class and cross-moved for appointment as interim lead counsel for that class. ECF No. 159.

## II.   LEGAL STANDARD

Under Rule 23(g)(3), the Court may appoint interim lead counsel prior to ruling on class certification "if necessary to protect the interests of the putative class." *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1169 (C.D. Cal. 2014) (quoting Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment), *aff'd sub nom. Radcliffe v. Hernandez* (*Radcliffe II*), 818 F.3d 537 (9th Cir. 2016). Courts appointing interim counsel *must* consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
> (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv)  the resources that counsel will commit to representing the class.

*Radcliffe II*, 818 F.3d at 547 (quoting Fed. R. Civ. P. 23(g)(1)(A)). Courts *may* also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(B)). Ultimately, a court's consideration of these factors must convince it that the interim counsel applicant will "fairly and adequately represent the interests of the class." *Id.* (citing Fed. R. Civ. P. 23(g)(4)).

Adequacy under Rules 23(g)(1) and (g)(4) qualifies an applicant for appointment as interim lead counsel. *Id.* (citing Fed. R. Civ. P. 23(g)(2)). But it does not guarantee appointment

Case No.: 5:22-cv-07317-EJD
ORDER APPOINTING INTERIM COUNSEL   3

when there are multiple adequate applicants. In that scenario, "the court must appoint the applicant *best* able to represent the interests of the class." *Id.* (quoting Fed. R. Civ. P. 23(g)(2)).

### III.   DISCUSSION

#### A.   YouTube TV and DirecTV Stream Classes

The appointment of interim lead counsel for the YouTube TV and DirecTV Stream classes is easy. Bathaee Dunne has represented the interests of those two classes from when they first filed suit and has therefore been instrumental in identifying and investigating the claims in this action. *See* ECF No. 1; Case No. 5:22-cv-07533, ECF No. 1. The firm has also devoted significant resources to this matter over several years, including two rounds of motion-to-dismiss briefing and discovery. In doing so, Bathaee Dunne has demonstrated its willingness to commit resources on behalf of these two classes. Over the course of litigation, Bathaee Dunne has more than demonstrated its ability to handle complex class actions and its deep knowledge in the field of antitrust law. Bathaee Dunne checks off each of the Rule 23(g)(1)(A) boxes, and the Court further finds that Bathaee Dunne can (and has) fairly and adequately represented the putative YouTube TV and DirecTV Stream classes under Rule 23(g)(4). Since no other applicant challenges Bathaee Dunne for leadership over the these classes, the Court **GRANTS** Bathaee Dunne's motion in that regard.

#### B.   FuboTV Class

The FuboTV class poses a trickier question. Bathaee Dunne again satisfies the Rule 23(g)(1)(A) factors for much the same reasons as above. The FuboTV class's claims are based on the same conduct that the YouTube TV and DirecTV Stream classes' claims are based on. Bathaee Dunne's investigatory efforts for the other two classes thus served as the foundation of the FuboTV class's claims. Bathaee Dunne's familiarity with the other two classes' claims also carries over in large part to the FuboTV class. While Bathaee Dunne does not have a record of committing resources to the FuboTV class, its efforts with the other two classes again serve as a strong indication that it is willing and able to commit substantial resources.

Likewise, the competing counsel team of DiCello Levitt and Lite DePalma is qualified under Rule 23(g)(1)(A). Even though DiCello Levitt and Lite DePalma relied heavily on the work

done by Bathaee Dunne in *Biddle*, they did add some value through their own investigations. ECF No. 159-2 at ¶¶ 5–10. Those two firms are experienced and well-qualified to litigate complex antitrust class actions. *See* ECF No. 159-2, Exs. A–B (firm resumes). They also represent that they will be able to commit ample resources to prosecute the FuboTV class's claims through trial. ECF No. 159-1 at 15.

Were the Court limited to considering the Rule 23(g)(1)(A) factors, it would appoint Bathaee Dunne as interim lead counsel for the FuboTV class. The competing counsels' knowledge, experience, and resources are all comparable, but Bathaee Dunne has done virtually all of the work in this case to date. Bathaee Dunne's deep understanding of the facts and issues in this case would leave it best positioned to proceed forward quickly and efficiently; DiCello Levitt and Lite DePalma would need additional time to catch up and familiarize themselves with the record.

However, the Court is not so limited. It may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). As relevant here, conflicted counsel is not adequate. *Radcliffe v. Experian Info. Sols. Inc.* (*Radcliffe I*), 715 F.3d 1157, 1167 (9th Cir. 2013). In fact, the standard of adequacy for class counsel "does not permit even the *appearance* of divided loyalties of counsel." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 968 (9th Cir. 2009) (emphasis added) (quoting *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995)). When assessing these types of ethical issues, courts in this district apply California law. Civil L.R. 11-4(a)(1); *Radcliffe I*, 715 F.3d at 1167. Under California law, "it is a violation of the duty of loyalty for the attorney to assume a position adverse or antagonistic to his or her client." *State Farm Mut. Auto. Ins. Co. v. Fed. Ins. Co.*, 72 Cal. App. 4th 1422, 1431 (1999). What troubles the Court is that Bathaee Dunne took such a position against the FuboTV class at the May 15 status conference.

In vying for control over this action, Yavar Bathaee—the lead attorney for *Biddle* Plaintiffs and a named partner at Bathaee Dunne—tried to discredit the FuboTV class and its claims. As the transcript reflects, Mr. Bathaee questioned the viability of damages for the FuboTV class, explaining that he had declined to bring claims on behalf of a putative FuboTV class for "strategic

Case No.: 5:22-cv-07317-EJD
ORDER APPOINTING INTERIM COUNSEL   5

reasons" related to the lack of damages. Hr'g Tr. at 6:17–20, ECF No. 67. Then he attacked several of the claims that *Unger* Plaintiffs sought to bring on behalf of the FuboTV class, articulating arguments against those claims that would not have been out of place in a Disney motion to dismiss. *Id.* at 13:6–22. In fact, the transcript does not fully convey the zeal with which Mr. Bathaee advocated against the FuboTV class. Participating live, the Court observed that Mr. Bathaee spoke with a force and conviction leading the Court to conclude that, not only did Mr. Bathaee deeply disapprove of the FuboTV class's positions, but also that he was suspicious of the class itself. All this leaves the Court with grave doubts that Bathaee Dunne can adequately represent the FuboTV class.

To be sure, any litigation requires counsel to make candid assessments about the strengths and weaknesses of their clients' possible claims. But frank discussions about the viability of claims should take place in private. The troubling aspect of Mr. Bathaee's actions is that he laid out his negative assessments publicly, on the record, against a putative FuboTV class that he did not claim to represent at the time. That is, Mr. Bathaee staked a public position "adverse or antagonistic to [the FuboTV class]." *State Farm*, 72 Cal. App. 4th at 1431. The Court does not doubt that Mr. Bathaee acted with good intentions, but that does not change the fact that his position created a conflict.

For this reason, the Court finds that Bathaee Dunne cannot adequately serve as lead counsel for the FuboTV class. And even if Mr. Bathaee's statements do not render his firm completely inadequate, they certainly make his firm *less* adequate than the team of DiCello Levitt and Lite DePalma. Accordingly, the Court **DENIES** Bathaee Dunne's motion as to the FuboTV class and **GRANTS** DiCello Levitt and Lite DePalma's cross-motion.

The Court understands that its decision may throw the tentative settlement into doubt,[2] leading to uncertainty and the possibility of further litigation costs for both the putative classes and Disney. That is regrettable. But the Court's role in appointing interim lead counsel is "to protect the interests of the putative class." Fed. R. Civ. P. 23 advisory committee's note to 2003

---

[2] The Court expresses no opinion about the fairness of the proposed settlement.

Case No.: 5:22-cv-07317-EJD
ORDER APPOINTING INTERIM COUNSEL    6

amendment.  Acting in that role, the Court cannot overlook the potential conflict that Bathaee Dunne's advocacy created at the May 15 status conference.  However, the Court can and does encourage the parties to work together collaboratively whenever possible to avoid unnecessary litigation expense and "to secure the just, speedy, and inexpensive determination" of this matter.  Fed. R. Civ. P. 1.

IV.  **CONCLUSION**

The Court **GRANTS IN PART** and **DENIES IN PART** Bathaee Dunne's motion, and it **GRANTS** DiCello Levitt and Lite DePalma's cross-motion.  As such, the Court **APPOINTS** Bathaee Dunne as interim lead counsel for the putative YouTube TV and DirecTV Stream classes, and it **APPOINTS** DiCello Levitt and Lite DePalma as interim co-lead counsel for the putative FuboTV class.

The Court **CONVERTS** the upcoming motion hearing, scheduled for July 31, 2025 into a status conference and **CONTINUES** the status conference to 10:00 AM.  The parties shall file a joint status report by July 28, 2025 describing how they intend to proceed.

**IT IS SO ORDERED.**

Dated:  July 21, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-07317-EJD
ORDER APPOINTING INTERIM COUNSEL  7