# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEATHER BIDDLE, et al., | Case No. 5:22-cv-07317-EJD |
| Plaintiffs, | **SETTLEMENT AGREEMENT** |
| v. | |
| THE WALT DISNEY COMPANY, | |
| Defendant. | |

This Settlement Agreement is made and entered into this 4th day of March, 2026 (the "Execution Date"), by and among The Walt Disney Company ("Disney"), the YouTube TV Plaintiffs, and the DirecTV Stream Plaintiffs, both individually and on behalf of the proposed Settlement Classes in the Action.[1] This Settlement Agreement is intended by Disney, the YouTube TV Plaintiffs, and the DirecTV Stream Plaintiffs to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## RECITALS

WHEREAS, the YouTube TV Plaintiffs and the DirecTV Stream Plaintiffs are prosecuting the Action on their own behalf and on behalf of the proposed Settlement Classes against Disney;

WHEREAS, the YouTube TV Plaintiffs and the DirecTV Stream Plaintiffs allege, among other things, that Disney violated federal antitrust law and various state antitrust and consumer-protection laws by engaging in various forms of conduct to fix, raise, maintain, or stabilize the prices of Streaming Live Pay Television ("SLPTV") and that these acts caused the Settlement Classes to incur damages;

WHEREAS, Disney has denied and continues to deny each and all of the YouTube TV Plaintiffs' and the DirecTV Stream Plaintiffs' claims and allegations of wrongdoing; has not conceded or admitted any liability, or that it violated or breached any law, regulation, or duty owed to the YouTube TV Plaintiffs and the DirecTV Stream Plaintiffs; has denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged in the Action; and further denies the allegation that the YouTube TV Plaintiffs and the DirecTV Stream Plaintiffs or any member of the Settlement Classes were harmed by Disney's conduct as alleged in the Action or otherwise;

WHEREAS, the Settling Parties have engaged in extensive discovery regarding the claims and defenses in the Action;

WHEREAS, the Settling Parties agree that neither this Settlement Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or

---

[1] Unless otherwise specified, capitalized terms used in this Settlement Agreement shall have the meanings ascribed to them in the Definitions section below.

evidence of any violation of any statute or law or of any liability or wrongdoing by Disney or of the truth of any of the claims or allegations alleged in the Action;

WHEREAS, Lead Counsel for the YouTube TV Plaintiffs and DirecTV Stream Plaintiffs have concluded, after due investigation and after careful consideration of the relevant circumstances, including, without limitation, the claims and Allegations asserted in the Action, the legal and factual defenses thereto, and the applicable law, that it is in the best interests of the YouTube TV Plaintiffs and DirecTV Stream Plaintiffs and the proposed Settlement Classes to enter into this Settlement Agreement to avoid the uncertainties, risks, and costs of litigation and to assure that the benefits reflected herein are obtained for the YouTube TV Plaintiffs and DirecTV Stream Plaintiffs and the Settlement Classes, and, further, that Lead Counsel consider the Settlement set forth in this Agreement to be fair, reasonable and adequate and in the best interests of the YouTube TV Plaintiffs and DirecTV Stream Plaintiffs and the Settlement Classes;

WHEREAS, Disney has concluded, despite its belief that it is not liable for the claims asserted against it in the Action and that it has strong defenses to all of them, that it will enter into this Settlement Agreement in order to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby put to rest this controversy with respect to the YouTube TV Plaintiffs and DirecTV Stream Plaintiffs and the Settlement Classes and avoid the risks inherent in complex litigation; and

WHEREAS, the Settling Parties wish to preserve all arguments, defenses, and responses to all claims in the Action, including any arguments, defenses, and responses to any proposed litigation class proposed by any party in the event that the Effective Date does not occur;

WHEREAS, arm's-length settlement negotiations have taken place between the Settling Parties over many months, including in multiple mediations before the Hon. Layn Phillips (Ret.), and this Settlement Agreement, which embodies all of the terms and conditions of the Settlement between the Settling Parties, both individually and on behalf of the Settlement Classes, has been reached as a result of the Settling Parties' negotiations (subject to the approval of the Court) as provided herein and is intended to supersede any prior agreements or understandings between the Settling Parties; and

WHEREAS, the Settling Parties desire to fully and finally settle all actual and potential claims arising from or related to the conduct alleged, or that could have been alleged, in the Action, and to avoid the costs and risks of protracted litigation and trial.

**AGREEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, by and through their undersigned attorneys of record, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, that the Action and the Released Claims against Disney shall be finally and fully settled, compromised, and dismissed on the merits and with prejudice, upon and subject to the approval of the Court, following notice to the Settlement Classes, on the following terms and conditions:

**DEFINITIONS**

1.    As used in this Settlement Agreement, the following terms shall have the meanings specified below:

a.    "Action" means the putative class actions brought on behalf of YouTube TV and DirecTV Stream subscribers in *Biddle, et al. v. The Walt Disney Company*, No. 5:22-cv-07317-EJD (N.D. Cal.), which are currently pending in the United States District Court for the Northern District of California, or any action that is based on or related to the same set of facts, circumstances, or allegations as previously, currently, or hereafter set forth in the Complaint (as hereinafter defined).

b.    "Affiliates" means entities controlling, controlled by or under common control with a Releasee or Releasor.

c.    "Allegations" means the allegations in the Action including those concerning agreements in restraint of trade, monopolization, and unlawful acquisitions in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2, Section 7 of the Clayton Act, 15 U.S.C. § 18, and state-law antitrust and consumer-protection causes of action. For the avoidance of doubt, this definition encompasses allegations that appear in the Class Action Complaint (ECF No. 1), the Consolidated Amended Class Action Complaint (ECF No. 59), and the Proposed Second Consolidated Amended Class Action Complaint (ECF No. 144-1) in the Action.

d.    "Authorized Claimant" means any Settlement Class Member who, in accordance with the terms of this Settlement Agreement, is entitled to a distribution consistent with any Distribution Plan or order of the Court ordering distribution to the Settlement Classes.

e.    "Complaint" means the Class Action Complaint (ECF No. 1), the Consolidated Amended Class Action Complaint (ECF No. 59), and the Proposed Second Consolidated Amended Class Action Complaint (ECF No. 144-1), and any amendment or supplement thereto or any other complaint filed in the Action.

f.    "Court" means the United States District Court for the Northern District of California.

g.    "DirecTV Stream Plaintiffs" means Michelle Fendelander, Ronda Lee Haines, Michael Hughes, John Manso, Jasmine McCormick, Angela Heard, Steven Tucker, Scott Thompson, Douglas Yarema, and William Gaskins.

h.    "Disney's Counsel" means the law firm of O'Melveny & Myers LLP.

i.    "Distribution Plan" means any plan or formula of allocation, to be approved by the Court, whereby the Net Settlement Fund shall in the future be distributed to Authorized Claimants.

j.    "Document" has the same meaning as set forth in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

k.    "Effective Date" means the first date by which all of the following events and conditions have been met or have occurred:

i.    All parties have executed this Settlement Agreement;

ii.    The Court has preliminarily approved the Settlement Agreement, certified the Settlement Classes, and approved the Settlement after providing notice to the Settlement Classes as defined herein;

iii.    The Court has entered a Judgment; and

iv.    The Judgment (as more fully described in ¶ 7 of this Settlement Agreement) has become Final. A modification or reversal on appeal of

-4-

Settlement Agreement – No. 5:22-cv-07317-EJD

any amount of Lead Counsel's fees and expenses awarded by the Court from the Settlement Fund or any plan of allocation or distribution of the Settlement Fund shall not be deemed a modification of all or part of the terms of this Settlement Agreement or the Final Judgment. It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

l.      "Escrow Agent" means the agent jointly designated by Lead Counsel and Disney's Counsel, and any successor agent.

m.      "Execution Date" means March 4, 2026.

n.      "Exclusion Threshold" means 7.5% or more of the Settlement Class Members submit valid and timely Requests for Exclusion from the Settlement Classes.

o.      "Final" means, with respect to any court order, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this Settlement Agreement, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to any order adopting or approving a Distribution Plan, and/or to any order issued in respect of an application for attorneys' fees and expenses consistent with this Settlement Agreement, shall not in any way delay or preclude the Judgment from becoming Final.

p.      "Final Approval Order" means an order granting final approval of this Settlement Agreement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as provided in ¶ 7 below.

q.      "Gross Settlement Fund" or "Settlement Fund" means the Settlement Amount plus any interest that may accrue.

r.      "Judgment" means the order of judgment and dismissal of the Action with prejudice.

s.      "Lead Counsel" means the law firm of Bathaee Dunne LLP.

t.      "Net Settlement Fund" means the Gross Settlement Fund, less the payments set forth in ¶ 23(a)-(e).

u.      "Notice, Administrative and Claims Administration Costs" means the reasonable sum of nonrefundable settlement money to be paid out of the Gross Settlement Fund to pay for notice to the Settlement Classes and related administrative and claims administration costs.

v.      "Person(s)" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and any spouses, heirs, predecessors, successors, representatives or assignees of any of the foregoing.

w.      "Proof of Claim and Release" means the form to be sent to the Settlement Class Members, upon further order(s) of the Court, by which any member of the Settlement Class may make claims against the Net Settlement Fund.

x.      "Released Claims" means any and all manner of claims, demands, rights, actions, suits, causes of action, whether class, individual or otherwise in nature, fees, costs, penalties, injuries, damages whenever incurred, liabilities of any nature whatsoever, known or unknown (including, but not limited to, Unknown Claims), foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, in law or in equity, under the laws of any jurisdiction, which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have or hereafter can, shall or may have, relating in any way to any conduct arising out of or related in any way in whole or in part to any Allegations, facts, circumstances, acts, or omissions by Releasees which were alleged or which could have been alleged in the Action, including but not limited to any alleged or unalleged conduct

by Releasees regardless of where it occurred arising out of or related to (1) the purchase, pricing, selling, discounting, marketing, manufacturing and/or distributing of SLPTV; (2) any agreement, combination or conspiracy to raise, fix, maintain or stabilize the prices of SLPTV or restrict, reduce, alter or allocate the supply, quantity or quality of SLPTV or concerning the development, manufacture, supply, distribution, transfer, marketing, sale or pricing of SLPTV, or any other restraint of competition alleged in the Action or that could have been or hereafter could be alleged against the Releasees relating to SLPTV; (3) the transaction announced January 6, 2025, by which Disney would become the majority owner of FuboTV Inc.; or (4) any other restraint of competition relating to SLPTV that could have been or hereafter could be alleged against the Releasees as a violation of the Sherman Act or any other antitrust, unjust enrichment, unfair competition, unfair practices, trade practices, price discrimination, unitary pricing, racketeering, civil conspiracy or consumer protection law, whether under federal, state, local or foreign law provided however, that nothing herein shall release: claims involving any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities or similar claim relating to SLPTV.

y.      "Releasees" refers jointly and severally, individually and collectively to Disney and all of Disney's past, present, and/or future direct and indirect corporate parents (including holding companies), subsidiaries, related entities, affiliates, associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, and each of their respective past, present, and/or future officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal, or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, assigns, and alleged co-conspirators.

z.      "Releasors" refers jointly and severally, individually and collectively to the YouTube TV Plaintiffs and the DirecTV Stream Plaintiffs and each and every member of the Settlement Classes on their own behalf and on behalf of their respective past, present, and/or future direct and indirect parents, members, subsidiaries and Affiliates, and their past, present and/or future officers, directors, employees, agents, attorneys and legal representatives, servants, and

representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.

aa. "Service Award" means a Court-ordered service award (also known as an incentive award) of up to Five Thousand U.S. Dollars ($5,000.00).

bb. "Settlement" means the settlement of the Released Claims set forth herein.

cc. "Settlement Administrator" means the settlement administrator(s) to be selected by Lead Counsel in consultation with Disney's Counsel and approved by the Court to manage and administer the process by which Settlement Class Members are notified of the Settlement Agreement and paid from the Net Settlement Fund.

dd. "Settlement Agreement" means this agreement dated March 4, 2026.

ee. "Settlement Amount" means Fifty Million U.S. Dollars ($50,000,000.00).

ff. "Settlement Class Member" means a Person who falls within the definition of any Settlement Class and who does not timely and validly elect to be excluded from the Settlement Class in accordance with the procedure to be established by the Court.

gg. The "Settlement Classes" consist of the YouTube TV Settlement Class and the DirecTV Stream Settlement Class. The "YouTube TV Settlement Class" consists of all persons who purchased a YouTube TV subscription from the period beginning April 1, 2019, through the date of preliminary approval of the settlement by U.S. District Court for the Northern District of California. The "DirecTV Stream Settlement Class" consists of all persons who purchased a DirecTV streaming live pay TV subscription (branded at various times as, at least, DirecTV Stream, DirecTV Now, and AT&T TV Now) from the period beginning April 1, 2019, through the date of preliminary approval of the settlement by U.S. District Court for the Northern District of California. Excluded from the Settlement Classes are Disney, its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; counsel for the Parties and their employees; and the judicial officers and immediate family members and associated Court staff assigned to this case.

hh. "Settling Parties" means, collectively, the YouTube TV Plaintiffs and the DirecTV Stream Plaintiffs (on behalf of themselves and the Settlement Classes) and Disney.

ii.     "SLPTV Distributor" means a Virtual Multichannel Video Programming Distributor, that is, a distributor that offers one or more multichannel video distribution services that distribute one or more subscription tiers or packages of linear networks from multiple programmers to consumers within the United States via the Internet.

jj.     "Streaming Live Pay Television" or "SLPTV" refers to live television streamed over the internet to paying subscribers, as further described in the Complaint.

kk.     "Unknown Claims" means any Released Claim that a YouTube TV Plaintiff, DirecTV Stream Plaintiff, and/or Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Releasees that if known by him, her, or it, might have affected his, her, or its settlement with and release of the Releasees, or might have affected his, her or its decision not to object to this Settlement. Such Unknown Claims include claims that are the subject of California Civil Code § 1542 and equivalent, similar or comparable laws or principles of law. California Civil Code § 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

ll.     "YouTube TV Plaintiffs" means Heather Biddle, Jeffrey Kaplan, Joel Wilson, Laura Molina, Dev Singh, Nicholas Dowd, Angel Hernandez, David Kenward, Utica Cason, David Show, Dustin Shapiro, Tamika Anderson, Connie Harrison, and Don Knoch.

**PRELIMINARY APPROVAL ORDER, NOTICE ORDER, AND FAIRNESS HEARING**

2.     **Reasonable Best Efforts to Effectuate this Settlement**. The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement. Disney agrees to reasonably cooperate with Lead Counsel to effectuate the Settlement, but providing Class Notice and allocating and making

payments to the Settlement Classes will be Lead Counsel's and not Disney's responsibility, and Disney is not required to incur costs, tangible or intangible, in connection with those responsibilities. For the avoidance of doubt, Disney will pay all costs associated with notice to appropriate federal and state authorities under the Class Action Fairness Act, 28 U.S.C. § 1715.

3.    **Motion for Preliminary Approval**. As soon as reasonably practicable, Lead Counsel shall submit this Settlement Agreement to the Court and shall apply for entry of a preliminary approval order, requesting, inter alia, preliminary approval of the Settlement. The motion shall include (a) the proposed preliminary approval order, and (b) a request for certification of the Settlement Classes for settlement purposes only pursuant to Federal Rule of Civil Procedure 23. The Settling Parties shall agree upon the text of the motion and supporting filings, and they shall not unreasonably withhold their agreement thereto.

4.    **Proposed Notice**. Lead Counsel shall submit to the Court for approval a proposed form of, method for and schedule for dissemination of notice to the Settlement Classes. This motion shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice to the Settlement Classes constitutes valid, due and sufficient notice to the Settlement Classes, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

5.    **Settlement Administrator**. The YouTube TV and DirecTV Stream Plaintiffs shall retain a Settlement Administrator, which shall be responsible for the claims administration process including distribution to Settlement Class Members pursuant to a court-approved plan of distribution. The fees and expenses of the Settlement Administrator shall be paid exclusively out of the Settlement Fund. In no event shall Disney be separately responsible for any fees or expenses of the Settlement Administrator.

6.    **Requests for Exclusion (Opt-Outs)**. Any Settlement Class Member that wishes to seek exclusion from a Settlement Class by "opting out" must timely submit a written request for exclusion to the Settlement Administrator (a "Request for Exclusion"). To be effective, each such Request for Exclusion must state: the Settlement Class Member's full legal name, mailing address and telephone number. All Requests for Exclusion must be signed and dated by the Settlement

Class Member or its officer or legal representative, and be mailed to the Settlement Administrator via First Class United States Mail (or United States Mail for overnight delivery) and postmarked by a date certain to be specified on the Notice. A Settlement Class Member wishing to request exclusion must comply with the instructions set forth in the Class Notice. Subject to Court approval, a Request for Exclusion that does not comply with the requirements set forth in the Class Notice shall be invalid, and each Person submitting an invalid request shall be deemed a Settlement Class Member and shall be bound by this Settlement Agreement. Persons who opt out are not entitled to any monetary award from the Settlement Fund. Disney reserves all legal rights and defenses with respect to any potential Settlement Class Member that requests exclusion. Requests for Exclusion submitted on a "mass" or "class" basis by a third party on behalf of multiple Settlement Class Members shall be permitted only if each Settlement Class Member seeking exclusion on a "mass" or "class" basis individually and personally signs the Request for Exclusion.

7.    **Motion for Final Approval Order and Entry of Judgment**. Prior to the date set by the Court to consider whether this Settlement should be finally approved, Lead Counsel shall submit a motion for final approval of the Settlement by the Court, the text of which the Settling Parties shall agree on, and such agreement will not be unreasonably withheld. The terms of the proposed Final Approval Order and Judgment shall include the substance of the following provisions:

a.    certifying the Settlement Classes, as defined in this Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23, solely for purposes of this Settlement;

b.    fully and finally approving the Settlement contemplated by this Settlement Agreement and its terms as being fair, reasonable and adequate within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation pursuant to its terms and conditions;

c.    finding that the notice given to the Settlement Class Members constituted the best notice practicable under the circumstances and complies in all respects with the requirements of Federal Rule of Civil Procedure 23 and due process;

d.    directing that the Action be dismissed with prejudice as to Disney and, except as provided for herein, without costs;

e.      discharging and releasing the Releasees from all Released Claims;

f.      permanently barring and enjoining the institution and prosecution, by the YouTube TV Plaintiffs, DirecTV Stream Plaintiffs, and Settlement Class Members, of any other action against the Releasees in any court asserting any claims related in any way to the Released Claims;

g.      reserving continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration, consummation, and enforcement of this Settlement Agreement;

h.      determining pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing entry of a Final Judgment as to Disney; and containing such other and further provisions consistent with the terms of this Settlement Agreement to which the parties expressly consent in writing; and

i.      awarding Service Awards to each of the YouTube TV Plaintiffs and each of the DirecTV Stream Plaintiffs, to be paid from the Gross Settlement Fund;

j.      providing that (1) the Court's certification of the Settlement Classes is without prejudice to, or waiver of, Disney's right to contest certification of any proposed class in this Action; (2) the Court's findings in the Final Approval Order and Judgment shall have no effect on the Court's ruling on any motion to certify any class in this Action; and (3) no party to the Action may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any class in this Action or any Disney motion.

8.      **Stay Order**. Within two business days of the Execution Date, the Settling Parties shall request that the Court stay the Action as to the claims of the YouTube TV Plaintiffs and DirecTV Stream Plaintiffs, with the exception of any third-party discovery necessary to effectuate class notice.

9.      **Litigation Standstill**. Upon the date that the Court enters an order preliminarily approving the Settlement, the YouTube TV Plaintiffs, DirecTV Stream Plaintiffs, and members of the Settlement Classes shall be barred and enjoined from commencing, instituting or continuing to

-12-

prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum or other forum of any kind worldwide based on the Released Claims.

**RELEASES**

10.    **Released Claims**. Upon the Effective Date, the Releasors (regardless of whether any such Releasor ever seeks or obtains any recovery by any means, including, without limitation, by submitting a Proof of Claim and Release, from the Net Settlement Fund) by virtue of this Settlement Agreement shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever released, relinquished and discharged all Released Claims against the Releasees. The Settling Parties intend that the releases in this Settlement Agreement be interpreted and enforced broadly and to the fullest extent permitted by law.

11.    **No Future Actions Following Release**. The Releasors shall not, after the Effective Date, seek (directly or indirectly) to commence, institute, maintain or prosecute any suit, action or complaint or collect from or proceed against Disney based on the Released Claims in any forum worldwide, whether on his, her, or its own behalf or as part of any putative, purported or certified class of purchasers or consumers.

12.    **Covenant Not to Sue**. Releasors hereby covenant not to sue the Releasees with respect to any such Released Claims. Releasors shall be permanently barred and enjoined from instituting, commencing or prosecuting against the Releasees any claims based in whole or in part on the Released Claims. The Settling Parties contemplate and agree that this Settlement Agreement may be pleaded as a bar to a lawsuit, and an injunction may be obtained, preventing any action from being initiated or maintained in any case sought to be prosecuted by or on behalf of the YouTube TV Plaintiffs and the DirecTV Stream Plaintiffs or Settlement Class Members with respect to the Released Claims.

13.    **Waiver of California Civil Code § 1542 and Similar Laws**. The Releasors acknowledge that, by virtue of the execution of this Settlement Agreement, and for the consideration received hereunder, it is their intention to release, and they are releasing, all Released Claims, even Unknown Claims. In furtherance of this intention, the Releasors expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions

-13-

of California Civil Code § 1542, as set forth in ¶ 1(kk), or equivalent, similar, or comparable laws or principles of law. The Releasors acknowledge that they have been advised by Lead Counsel of the contents and effects of California Civil Code § 1542, and hereby expressly waive and release with respect to the Released Claims any and all provisions, rights and benefits conferred by California Civil Code § 1542 or by any equivalent, similar or comparable law or principle of law in any jurisdiction. The Releasors may hereafter discover facts other than or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasors hereby expressly waive and fully, finally and forever settle and release any known or unknown, suspected or unsuspected, foreseen or unforeseen, asserted or unasserted, contingent or non-contingent, and accrued or unaccrued claim, loss or damage with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts. The release of unknown, unanticipated, unsuspected, unforeseen, and unaccrued losses or claims in this paragraph is not a mere recital.

14.   **Claims Excluded from Release**. Notwithstanding the foregoing, the releases provided herein shall not release claims against Disney for product liability, breach of contract, breach of warranty or personal injury, or any other claim unrelated to the Allegations in the Action. Additionally, the releases provided herein shall not release any claims to enforce the terms of this Settlement Agreement.

<strong><u>SETTLEMENT CONSIDERATION AND THE SETTLEMENT FUND</u></strong>

15.   **Settlement Payment**. Disney shall pay by wire transfer the Settlement Amount to the Escrow Agent within thirty (30) business days of the later of (i) the Court's grant of preliminary approval or (ii) the date on which Lead Counsel provides Disney's Counsel with wiring instructions for an escrow account. This Settlement Amount constitutes the total amount of payment that Disney is required to make in connection with this Settlement Agreement. This amount shall not be subject to reduction, and upon the occurrence of the Effective Date, no funds shall revert to Disney except as provided herein. The Escrow Agent shall only act in accordance with the mutually agreed-upon escrow instructions. The Settling Parties agree and acknowledge that none of the Settlement

-14-

Amount paid by Disney under this Settlement Agreement shall be deemed to be, in any way, a penalty or fine of any kind.

16.    **Injunctive Relief**. Disney shall agree to the following for a term of three years following final approval of the settlement: (a) if requested by any SLPTV Distributor during negotiations between Disney and the SLPTV Distributor for renewal of an existing carriage agreement upon such carriage agreement's expiration (including replacing an existing carriage agreement with a new carriage agreement as part of such renewal negotiations), or between Disney and a new SLPTV Distributor for a new carriage agreement, Disney will consider (1) an option that allows the SLPTV Distributor to offer its subscribers a monthly paid subscription service that offers less than all Disney networks (for example, a genre-based service(s)) alongside legacy services, and (2) the SLPTV Distributor's proposals for commercial terms for this option; and (b) Disney will maintain information walls to prevent its negotiation teams for Disney's linear networks from sharing confidential information pertaining to other SLPTV Distributors with the negotiating teams for Disney's affiliated SLPTV Distributors; and the negotiating teams for Disney's affiliated SLPTV Distributors from sharing confidential information pertaining to other programmers with the negotiation team representing Disney's linear networks. For the avoidance of doubt, nothing in this provision (1) obligates or can be construed to obligate Disney to negotiate or agree to any new, amended, or renewed carriage agreement with any SLPTV Distributor; or (2) limits the ability of senior executives of Disney to access information relevant to Disney's linear networks or Disney's affiliated SLPTV Distributors' businesses. This provision is for the benefit of the Settlement Classes, and SLPTV Distributors are not intended third-party beneficiaries of this ¶ 16.

17.    **Disbursements Prior to Effective Date**. No amount may be disbursed from the Gross Settlement Fund unless and until the Effective Date, except that: (a) Notice, Administrative and Claims Administration Costs shall be paid from the Gross Settlement Fund as they become due; (b) Taxes and Tax Expenses (as defined in ¶ 21(b) below) shall be paid from the Gross Settlement Fund as they become due; and (c) attorneys' fees and reimbursement of litigation costs shall be paid from the Gross Settlement Fund as ordered by the Court, which may be disbursed

during the pendency of any appeals, which may be taken from the Final Approval Order and Judgment.

18.    **Refund by Escrow Agent**. If the Settlement as described herein is not finally approved by any court, or it is terminated as provided herein, or the Judgment as described herein is not approved or entered or is overturned on appeal or by writ, the Gross Settlement Fund, including the Settlement Amount and all interest earned on the Settlement Amount while held in escrow, excluding only Notice, Administrative and Claims Administration Costs and Taxes and/or Tax Expenses, shall be refunded, reimbursed and repaid by the Escrow Agent to Disney within five (5) business days after receiving notice pursuant to ¶ 39 below. The Escrow Agent shall bear all risks related to the holding of the Gross Settlement Fund in the escrow account.

19.    **Refund by Lead Counsel**. If the Settlement as described herein is not finally approved by any court, or it is terminated as provided herein, or the Judgment as described herein is not approved or entered or is overturned on appeal or by writ, any attorneys' fees and costs previously paid pursuant to this Settlement Agreement (as well as interest on such amounts) shall be refunded, reimbursed and repaid by Lead Counsel within thirty (30) business days after receiving notice pursuant to ¶ 39 below.

20.    **No Additional Payments by Disney**. Under no circumstances will Disney be required to pay more or less than the Settlement Amount pursuant to this Settlement Agreement and the Settlement set forth herein. For purposes of clarification, the payment of any Fee and Expense Award (as defined in ¶ 30 below), the Notice, Administrative and Claims Administrative Costs, Service Awards, and any other costs associated with the implementation of this Settlement Agreement shall be exclusively paid from the Settlement Amount.

21.    **Taxes**. The Settling Parties and the Escrow Agent agree to treat the Gross Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the

Escrow Agent to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

a. For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2 by, e.g., (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Gross Settlement Fund, and (iii) timely and properly filing applicable federal, state and local tax returns necessary or advisable with respect to the Gross Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)) and paying any taxes reported thereon. Such returns (as well as the election described in this paragraph) shall be consistent with the provisions of this paragraph and in all events shall reflect that all Taxes as defined in ¶ 21(b) below on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in ¶ 21(b) hereof;

b. The following shall be paid out of the Gross Settlement Fund: (i) all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Disney or Disney's Counsel with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"); and (ii) all expenses and costs incurred in connection with the operation and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph (collectively, "Tax Expenses"). In all events neither Disney nor Disney's Counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. With funds from the Gross Settlement Fund, the Escrow Agent shall indemnify and hold harmless Disney and Disney's Counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to

be, a cost of administration of the Gross Settlement Fund and shall timely be paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)). The Releasees and Disney's Counsel shall have no responsibility or liability for, or obligations relating to, Taxes and Tax Expenses, including with respect to acts or omissions of the Escrow Agent or Settlement Administrator or their agents with respect thereto. The Settling Parties agree to cooperate with the Escrow Agent, each other, their tax attorneys and their accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

**ADMINISTRATION AND DISTRIBUTION OF GROSS SETTLEMENT FUND**

22. **Time to Appeal**. The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether or not either the Distribution Plan or an application for attorneys' fees and expenses has been submitted to the Court or resolved.

23. **Distribution of Gross Settlement Fund**. Upon further orders of the Court, the Settlement Administrator, subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall administer the claims submitted by members of the Settlement Classes and shall oversee distribution of the Gross Settlement Fund to Authorized Claimants pursuant to the Distribution Plan. Subject to the terms of this Settlement Agreement and any order(s) of the Court, the Gross Settlement Fund shall be applied as follows:

a. To pay all costs and expenses reasonably and actually incurred in providing notice to the Settlement Classes in connection with administering and distributing the Net Settlement Fund to Authorized Claimants, and in connection with paying escrow fees and costs, if any;

b.      To pay all costs and expenses, if any, reasonably and actually incurred in claims administration and assisting with the filing and processing of such claims;

c.      To pay the Taxes and Tax Expenses as defined herein;

d.      To pay any Fee and Expense Award along with proportional interest earned on the Settlement Fund that is allowed by the Court, subject to and in accordance with the Agreement;

e.      To pay any Service Award to YouTube TV Plaintiffs and DirecTV Stream Plaintiffs; and

f.      To distribute the balance of the "Net Settlement Fund" to Authorized Claimants as allowed by the Agreement, any Distribution Plan or order of the Court along with proportional interest earned on the Settlement Fund.

24.    **Distribution of Net Settlement Fund**. The Distribution Plan will allocate the Net Settlement Fund between Settlement Class Members who have a cause of action for damages under an *Illinois Brick* repealer statute and Settlement Class Members who cannot sue for damages under an *Illinois Brick* repealer statute but still have standing to sue for injunctive relief under federal law.

25.    **Opt-Outs and Exclusions**. All Persons who fall within the definition of the Settlement Classes who do not timely and validly request to be excluded from the Settlement Classes shall be subject to and bound by the provisions of this Settlement Agreement, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

26.    **No Liability for Administration or Distribution of Settlement Funds**. Neither the Releasees nor Disney's Counsel shall have any responsibility for, interest in or liability whatsoever with respect to the administration or distribution of the Gross Settlement Fund; the Distribution Plan; the determination, administration, or calculation of claims; the Settlement Fund's qualification as a "qualified settlement fund"; the investment of any Settlement Fund assets; the payment or withholding of Taxes or Tax Expenses; the payment of legal fees or any other expenses

-19-

Settlement Agreement – No. 5:22-cv-07317-EJD

payable from the Settlement Fund; the administration or distribution of the Net Settlement Fund; the loss of any portion of the Settlement Fund; any act, omission, or determination of the Escrow Agent, Settlement Administrator, or their agents; or any losses incurred in connection with any such matters. The Releasors hereby fully, finally and forever release, relinquish and discharge the Releasees and Disney's Counsel from any and all such liability. No Person shall have any claim against Lead Counsel or the Settlement Administrator based on the distributions made substantially in accordance with the Agreement and the Settlement contained herein, the Distribution Plan or further orders of the Court.

27.    **Balance Remaining in Net Settlement Fund**. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel may reallocate such balance among Authorized Claimants in an equitable and economic fashion, distribute the remaining funds through *cy pres*, or allow the money to escheat to federal or state governments, subject to Court approval. In no event shall the Net Settlement Fund revert to Disney.

28.    **Distribution Plan Not Part of Settlement**. It is understood and agreed by the Settling Parties that any Distribution Plan, including any adjustments to any Authorized Claimant's claim, is not a part of this Settlement Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Settlement Agreement, and any order or proceedings relating to the Distribution Plan shall not operate to terminate or cancel this Settlement Agreement or affect the finality of the Judgment, the Final Approval Order, or any other orders entered pursuant to this Settlement Agreement. The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether either the Distribution Plan or an application for attorneys' fees and expenses has been submitted to the Court or approved.

## ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

29.    **Fee and Expense Application**. Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Gross Settlement Fund, for: (a) an award of attorneys' fees; plus (b) reimbursement of expenses incurred in connection with

-20-

prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses (until paid) at the same rate and for the same periods as earned by the Settlement Fund, as appropriate, and as may be awarded by the Court.

30.     **Payment of Fee and Expense Award**. Any amounts that are awarded by the Court pursuant to the above paragraph (the "Fee and Expense Award") shall be paid from the Gross Settlement Fund consistent with the provisions of this Settlement Agreement.

31.     **Award of Fees and Expenses Not Part of Settlement**. The procedure for, and the allowance or disallowance by the Court of, the Fee and Expense Application are not part of the Settlement set forth in this Settlement Agreement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Settlement Agreement. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any Fee and Expense Award or any other order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Judgment and the Settlement of the Action as set forth herein. No order of the Court or modification or reversal on appeal of any order of the Court concerning any Fee and Expense Award or Distribution Plan shall constitute grounds for cancellation or termination of this Settlement Agreement, provided that it does not otherwise affect the rights of Disney or the Releasees under this Settlement Agreement.

32.     **No Liability for Fees and Expenses of Lead Counsel**. Disney shall have no responsibility for, and no liability whatsoever with respect to, any payment(s) to Lead Counsel pursuant to this Settlement Agreement and/or to any other Person who may assert some claim thereto or any Fee and Expense Award that the Court may make in the Action, other than as set forth in this Settlement Agreement.

<u>CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION</u>

33.     **Occurrence of Effective Date**. Upon the occurrence of all of the events required in order to trigger the Effective Date as defined in ¶ 1(k), any and all remaining interest or right of Disney in or to the Gross Settlement Fund, if any, shall be absolutely and forever extinguished, and

-21-

the Gross Settlement Fund (less any Notice and Administrative Costs, Taxes or Tax Expenses or any Fee and Expense Award paid) shall be transferred from the Escrow Agent to the Settlement Administrator as successor Escrow Agent within ten (10) days after the Effective Date.

34.    **Failure of Effective Date to Occur**. If, for whatever reason, the Effective Date does not occur or is not met, then this Settlement Agreement shall be cancelled and terminated, subject to and in accordance with ¶¶ 38-39, below, unless the Settling Parties mutually agree in writing to proceed with this Settlement Agreement.

35.    **Exclusions & Optional Termination Right**. No later than fourteen (14) days after the final date for mailing Requests for Exclusion, the Settlement Administrator shall provide Disney's Counsel with (i) a complete and final set of valid and timely Requests for Exclusion from the Settlement Classes, (ii) a summary of any late or facially deficient Requests for Exclusion, and (iii) data and calculations necessary to determine whether the Exclusion Threshold is met. With the motion for final approval of the Settlement, Lead Counsel will file with the Court a complete list of Requests for Exclusion from the Settlement Classes, including only the name, city and state of the Person requesting exclusion. Disney shall have the option, at its sole discretion, to withdraw from the Settlement Agreement if the Exclusion Threshold is met or exceeded. Such withdrawal must be exercised by Disney no more than fourteen (14) days after Lead Counsel and/or the Settlement Administrator has provided Disney with all of the information described in this paragraph by filing a notice of withdrawal with the Court. The Settling Parties agree to submit any disputes regarding the validity of Requests for Exclusion and the calculation of the Exclusion Threshold to the Court for resolution on an expedited basis. The parties may agree to reasonable extensions of the time periods in this paragraph by written agreement.

36.    **Objections**. Settlement Class Members who wish to object to any aspect of the Settlement must file with the Court a written statement containing their objection by the end of the period to object to the Settlement. The written statement must: (a) include the objector's full name, mailing address, telephone number; (b) set forth all grounds for the objection, accompanied by any legal support for the objection known to the objector or to the objector's lawyer; (c) identify whether the objection is to the Settlement in part or in whole; (d) state whether the objection applies

-22-

only to the objector, a subset of one or both of the Settlement Classes, or the entirety of one or both of the Settlement Classes; and (e) include the objector's signature (a lawyer's signature is not sufficient).

37.    Any award or payment of attorneys' fees made to counsel to an objector to the Settlement shall only be made by order of the Court pursuant to the provisions of Federal Rule of Civil Procedure 23(e)(5)(B). Any application for attorneys' fees and costs of litigation must be consistent with the Court's Procedural Guidance for Class Action Settlements.

38.    **Failure to Enter Proposed Preliminary Approval Order, Final Approval Order or Judgment**. If the Court does not enter the Preliminary Approval Order, the Final Approval Order or the Judgment, or if the Court enters the Final Approval Order and the Judgment and appellate review is sought and, on such review, the Final Approval Order or the Judgment is finally vacated, modified or reversed, then this Settlement Agreement and the Settlement incorporated therein shall be cancelled and terminated; provided, however, the Settling Parties agree to act in good faith to secure Final Approval of this Settlement and to attempt to address in good faith concerns regarding the Settlement identified by the Court and any court of appeal. No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court concerning any Fee and Expense Application or Distribution Plan, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Settlement Agreement by any Settling Party (providing that aforementioned order of the Court concerning any Fee and Expense Application or Distribution Plan, or any modification or reversal on appeal of such order, in no way impacts the Settlement Amount or any rights or obligations of Disney under this Settlement Agreement). Without limiting the foregoing, Disney shall have, in its sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Action against it.

39.    **Termination**. Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Settlement Agreement should terminate, or be cancelled or otherwise

fail to become effective for any reason or the Settlement as described herein is not finally approved by the Court, or the Judgment is reversed or vacated following any appeal taken therefrom, then:

a.    within five (5) business days after written notification of such event is sent by Disney's Counsel to the Escrow Agent, the Gross Settlement Fund, including the Settlement Amount and all interest earned on the Settlement Fund while held in escrow excluding only Notice, Administrative and Claims Administration Costs that have either been properly disbursed or are due and owing, Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date, and attorneys' fees and costs that have been disbursed pursuant to Court order will be refunded, reimbursed and repaid by the Escrow Agent to Disney; if said amount or any portion thereof is not returned within such five (5) business day period, then interest shall accrue thereon at the rate of ten percent (10%) per annum until the date that said amount is returned;

b.    within thirty (30) business days after written notification of such event is sent by Disney's Counsel to Lead Counsel, all attorneys' fees and costs which have been disbursed to Lead Counsel pursuant to Court order shall be refunded, reimbursed and repaid by Lead Counsel to Disney; if said amount or any portion thereof is not returned within such thirty (30) business day period, then interest shall accrue thereon at the rate of ten percent (10%) per annum until the date that said amount is returned;

c.    the Escrow Agent or its designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the proceeds to Disney, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, pursuant to such written request;

d.    the Settling Parties shall be restored to their respective positions in the Action as of the Execution Date, with all of their respective claims and defenses, preserved as they existed on that date;

e.    the terms and provisions of this Settlement Agreement, with the exception of ¶¶ 40-45 (which shall continue in full force and effect), shall be null and void and shall have no further force or effect with respect to the Settling Parties, and neither the existence nor the terms of this Settlement Agreement (nor any negotiations preceding this Settlement Agreement nor any acts

-24-

performed pursuant to, or in furtherance of, this Settlement Agreement) shall be used in the Action or in any other action or proceeding for any purpose (other than to enforce the terms remaining in effect);

f.    any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, nunc pro tunc; and

g.    litigation of the Action will resume in a reasonable manner to be approved by the Court upon joint application by the Settling Parties.

### NO ADMISSION OF LIABILITY

40.    **Final and Complete Resolution**. The Settling Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and Released Claims and to compromise claims that are contested, and it shall not be deemed an admission by any Settling Party as to the merits of any claim or defense or any Allegation made in the Action.

41.    **Federal Rule of Evidence 408**. The Settling Parties agree that this Settlement Agreement, its terms and the negotiations surrounding this Settlement Agreement shall be governed by Federal Rule of Evidence 408 and shall not be admissible or offered or received into evidence in any suit, action or other proceeding, except upon the written agreement of the Settling Parties hereto, pursuant to an order of a court of competent jurisdiction, or as shall be necessary to give effect to, declare or enforce the rights of the Settling Parties with respect to any provision of this Settlement Agreement.

42.    **Use of Agreement as Evidence**. Neither this Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, of any allegation made in the Action, or of any wrongdoing or liability of Disney; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of the Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Neither this Settlement Agreement nor the Settlement, nor any act performed or document executed

pursuant to or in furtherance of this Settlement Agreement or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Releasees may file this Settlement Agreement and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The limitations described in this paragraph apply whether or not the Court enters the Preliminary Approval Order, the Final Approval Order, or the Judgment, or if the Settlement Agreement is terminated or rescinded.

## MISCELLANEOUS PROVISIONS

43. **Voluntary Settlement**. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement as described herein were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily and after consultation with competent legal counsel.

44. **Consent to Jurisdiction**. Disney, the YouTube TV Plaintiffs, the DirecTV Stream Plaintiffs, and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court only for the specific purpose of any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement. Solely for purposes of such suit, action, or proceeding, to the fullest extent that they may effectively do so under applicable law, Disney, the YouTube TV Plaintiffs, the DirecTV Stream Plaintiffs, and each Settlement Class Member irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court or that the Court is in any way an improper venue or an inconvenient forum. Nothing herein shall be construed as a submission to jurisdiction for any purpose other than any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement.

45. **Resolution of Disputes; Retention of Exclusive Jurisdiction**. Any disputes between or among Disney, the YouTube TV Plaintiffs, the DirecTV Stream Plaintiffs, and/or any

-26-

Settlement Class Member concerning matters contained in this Settlement Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court. The Court shall retain exclusive jurisdiction over the implementation and enforcement of this Settlement Agreement.

46. **Binding Effect**. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the YouTube TV Plaintiffs, DirecTV Stream Plaintiffs, and Lead Counsel shall be binding upon all Settlement Class Members.

47. **Authorization to Enter Settlement Agreement**. The undersigned representatives of Disney represent that they are fully authorized to enter into and to execute this Settlement Agreement on behalf of Disney. Lead Counsel, on behalf of the YouTube TV Plaintiffs, the DirecTV Stream Plaintiffs, and the Settlement Classes, represent that they are, subject to Court approval, expressly authorized to take all action required or permitted to be taken by or on behalf of the YouTube TV Plaintiffs, the DirecTV Stream Plaintiffs, and the Settlement Classes, pursuant to this Settlement Agreement to effectuate its terms and to enter into and execute this Settlement Agreement and any modifications or amendments to the Settlement Agreement on behalf of the Settlement Classes that they deem appropriate.

48. **Notices**. All notices under this Settlement Agreement shall be in writing. Each such notice shall be given either by (a) email; (b) hand delivery; (c) registered or certified mail, return receipt requested, postage pre-paid; (d) Federal Express or similar overnight courier; or (e) facsimile and first class mail, postage pre-paid and, if directed to any Settlement Class Member, shall be addressed to Lead Counsel at its address set forth below, and if directed to Disney, shall be addressed to Disney's Counsel at the addresses set forth below or such other addresses as Lead Counsel or Disney's Counsel may designate, from time to time, by giving notice to all parties hereto in the manner described in this paragraph.

If directed to the YouTube TV Plaintiffs, the DirecTV Stream Plaintiffs, or the Settlement Classes, address notice to:

BATHAEE DUNNE LLP
Yavar Bathaee
yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835

If directed to Disney, address notice to:

O'MELVENY & MYERS LLP
Daniel M. Petrocelli
dpetrocelli@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Tel: (310) 246-6850

THE WALT DISNEY COMPANY
Alec M. Lipkind
alec.lipkind@disney.com
310 Hudson Street, Room 14W-126
New York, New York 10013

49.    **Confidentiality of Settlement Negotiations**. Lead Counsel shall keep strictly confidential and not disclose to any third party, including specifically any counsel representing any other current or former party to the Action, any non-public information regarding the Settling Parties' negotiation of this Settlement and/or the Settlement Agreement. For the sake of clarity, information contained within this Settlement Agreement shall be considered public, and Disney may issue a press release regarding execution of the Settlement Agreement and the amount paid in connection with the Settlement Agreement.

50.    **Headings**. The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

51.    **No Party Deemed to Be the Drafter**. None of the parties hereto shall be deemed to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

52. **Choice of Law**. This Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of California without giving effect to that State's choice of law principles.

53. **Amendment; Waiver**. This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Settlement Agreement.

54. **Execution in Counterparts**. This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Settling Parties shall exchange among themselves original signed counterparts and a complete set of executed counterparts shall be filed with the Court.

55. **Notification of State Officials**. Disney shall be responsible for providing all notices required by the Class Action Fairness Act, 28 U.S.C. § 1715, to be provided to state attorneys general or to the Attorney General of the United States. Disney shall provide the required Class Action Fairness Act notices within ten (10) days of filing this Settlement Agreement with the Court, pursuant to 28 U.S.C. § 1715(b).

56. **Integrated Agreement**. This Settlement Agreement constitutes the entire agreement between the Settling Parties and no representations, warranties or inducements have been made to any party concerning this Settlement Agreement other than the representations, warranties and covenants contained and memorialized herein. It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Settlement Agreement is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Settlement

-29-

Agreement shall be in all respects effective and not subject to termination by reason of any such different facts or law. Except as otherwise provided herein, each party shall bear its own costs and attorneys' fees.

IN WITNESS WHEREOF, the parties hereto, through their authorized representatives, have executed this Settlement Agreement as of the Effective Date:

LEAD COUNSEL FOR THE YOUTUBE TV PLAINTIFFS AND DIRECTV STREAM PLAINTIFFS, and on behalf of the Settlement Classes:

By: _____
Yavar Bathaee
BATHAEE DUNNE LLP
yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835

THE WALT DISNEY COMPANY:

By: _____
Daniel M. Petrocelli
O'MELVENY & MYERS LLP
dpetrocelli@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067