UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEATHER BIDDLE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE WALT DISNEY COMPANY,<br><br>　　　　　Defendant. | Case No. 5:22-cv-07317-EJD<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND ISSUANCE OF NOTICE |

This matter comes before the Court on the YouTube TV and DirecTV Stream Plaintiffs' (collectively, "Settling Plaintiffs")[1] Motion for Preliminary Approval of Class Action Settlement.

WHEREAS, the Settling Plaintiffs have applied for an order preliminarily approving the terms and conditions of the Settlement between them and Defendant The Walt Disney Company ("Disney") as set forth in the Settlement Agreement,[2] which is attached as Exhibit 1 to the Declaration of Yavar Bathaee ("Bathaee Declaration");

WHEREAS, the Settlement requires, among other things, that all Released Claims against Releasees be settled and compromised;

WHEREAS, this Court has considered the Settlement Agreement, the Motion for Preliminary Approval of Class Action Settlement, and all papers filed in support of the Motion and the entire docket in this matter; and

WHEREAS, this Court preliminarily finds, for the purpose of settlement only, that the Settlement Classes meet all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that Settling Plaintiffs and the law firm of Bathaee Dunne LLP are adequate representatives of the Settlement Classes;

---

[1] Plaintiffs Heather Biddle, Jeffrey Kaplan, Joel Wilson, Laura Molina, Dev Singh, Nicholas Dowd, Angel Hernandez, David Kenward, Utica Cason, David Show, Dustin Shapiro, Tamika Anderson, Connie Harrison, and Don Knoch (the "YouTube TV Plaintiffs") seek to represent the YouTube TV Settlement Class. Plaintiffs Michelle Fendelander, Rhonda Lee Haines, Michael Hughes, John Manso, Jasmine, McCormick, Angela Heard, Steven Tucker, Scott Thompson, Douglas Yarema, and William Gaskins (the "DirecTV Stream Plaintiffs") seek to represent the DirecTV Stream Settlement Class. The YouTube TV Plaintiffs and DirecTV Stream Plaintiffs are referred to collectively as the "Settling Plaintiffs."

[2] The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement unless otherwise noted.

**NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:**

1.    The Court preliminarily finds that the Court has personal jurisdiction over all members of the Settlement Classes ("Settlement Class Members"), that the Court has subject-matter jurisdiction over the claims asserted in this action, and that the venue is proper.

2.    The Court preliminarily finds that the Settling Parties have shown the Court it will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure, subject to further consideration at the final approval hearing to be conducted as described in Paragraphs 23-26 below.

3.    The Court further finds that the Court will likely be able to certify the Settlement Classes for purposes of the Settlement such that class notice shall be provided.

4.    The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the action and provides substantial relief to the Settlement Classes without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the final approval hearing to be disseminated to the Settlement Classes; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, the United States Constitution, and the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements; and (d) is not a finding or admission of liability by Defendant or any other person(s), nor a finding of the validity of any claims asserted in the action or of any wrongdoing or any violation of law.

5.    The Court further preliminarily approves the Settling Plaintiffs' proposed distribution plan (attached as Exhibit 2 to the Bathaee Declaration) as fair, reasonable, and adequate.

**Preliminary Certification of Settlement Classes for Purpose of Settlement Only**

6.      The Settlement (as set forth in the Settlement Agreement) is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Classes. Under Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Settlement Classes, as set forth in the Settlement Agreement and defined as follows, are preliminarily certified for the purpose of settlement only:

### YouTube TV Settlement Class

> All persons who purchased a YouTube TV subscription from the period beginning April 1, 2019, through the date of preliminary approval of the settlement by U.S. District Court for the Northern District of California.

### DirecTV Stream Settlement Class

> All persons who purchased a DirecTV streaming live pay TV subscription (branded at various times as, at least, DirecTV Stream, DirecTV Now, and AT&T TV Now) from the period beginning April 1, 2019, through the date of preliminary approval of the settlement by U.S. District Court for the Northern District of California.

7.      Excluded from the Settlement Classes are Disney, its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; counsel for the parties and their employees; and the judicial officers and immediate family members and associated Court staff assigned to this case.

8.      Specifically, the Court preliminary approves the Settlement as set forth in the Settlement Agreement, including the releases contained therein, described in Exhibit 1 to the Bathaee Declaration, because the Court will likely be able to find that the Settlement is fair, reasonable, and adequate after considering the Rule 23(e)(2)(A)–(D) factors and governing case law.

9.      If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, this Order (including but not limited to the certification of the Settlement Classes) shall be vacated, null and void, and of no force or effect, may not be introduced as evidence or used in any action or proceeding by any

3

person against Defendant, and Defendant and Settling Plaintiffs shall be entitled to make any arguments for or against certification for litigation purposes.

10.    Neither this Order, the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:

a.    (a) is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Settling Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the action, or of any wrongdoing, liability, or fault of Defendant, or that any Settling Plaintiff or Settlement Class Member was harmed or damaged by any conduct by Defendant;

b.    (b) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Settling Plaintiffs, Defendant, or Settlement Class Members that any of Settling Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, or that damages recoverable in the action would have been greater or less than the Settlement Amount agreed to in the Settlement Agreement.

11.    Settling Plaintiffs are provisionally appointed as representatives of the Settlement Classes.

12.    Pursuant to Rule 23(g)(3), Bathaee Dunne LLP (hereinafter, "Interim Lead Counsel") is appointed interim lead counsel for the Settlement Classes.

**Notice and Administration**

13.    The Settling Plaintiffs have provided the Court with information sufficient to enable it to determine whether to give notice of the Settlement to the Settlement Classes pursuant to Rule 23(e)(1)(A). The Court approves the notice plan and attendant documents and forms, which are attached to the Azari Declaration as Exhibits 2-5, and finds that their dissemination substantially in the manner and form set forth in the Motion meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and

[Proposed] Order Preliminarily Approving Class Action Settlement – No. 5:22-cv-07317-EJD

is reasonably calculated, under the circumstances, to apprise members of the Settlement Classes of the pendency of the action, the effect of the Settlement (including the releases contained therein), the anticipated motion for an award of attorney's fees and costs, and their rights to participate in, opt out of, or object to any aspect of the Settlement.

14.    The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the settlement administrator ("Settlement Administrator"). Epiq shall supervise and administer the notice procedures, establish and operate the settlement website, administer the claims processes, distribute payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement. Funds required to pay Epiq may be paid from the Settlement Fund as they become due as set forth in the Settlement Agreement.

15.    The Settlement Administrator shall provide notice consistent with the notice plan outlined in the Motion and Azari Declaration, and notice shall be disseminated to Settlement Class Members by _____ July 7, 2026 _____ [98 days after the issuance of this Order] (the **"Notice Date"**). The Settlement Administrator is authorized to utilize funds from the Settlement Fund for these purposes.

16.    The Settlement Administrator shall act in compliance with the Amended Stipulated Protective Order, Dkt. No. 74, including, but not limited to, making all necessary efforts and precautions to ensure the security and privacy of Settlement Class Member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Settlement Class Member information; not using the information provided by Defendant or Interim Lead Counsel in connection with the Settlement or notice plan for any purposes other than providing notice or conducting settlement administration; and not sharing Settlement Class Member information with any third parties without advance consent from the parties.

17.    Any Settlement Class Member who seeks to be excluded from the Settlement Classes must submit a written request for exclusion, which must be postmarked by

[Proposed] Order Preliminarily Approving Class Action Settlement – No. 5:22-cv-07317-EJD

_____September 8, 2026_____ [63 days after the Notice Date] (the **"Opt-Out / Claims Deadline"**). A request for exclusion must state: the Settlement Class Member's full legal name, mailing address and telephone number and that the Settlement Class Member wants to be excluded from one or, if applicable, both of the Settlement Classes. All requests for exclusion must be signed and dated by the Settlement Class Member or its officer or legal representative, and be mailed to the Settlement Administrator via First Class United States Mail (or United States Mail for overnight delivery) and postmarked by a date certain to be specified in the notice. The date of the postmark on the envelope containing the written request to opt out shall be the exclusive means used to determine whether a request to opt out has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the request to opt out of the Settlement. The Settlement Class Member must pay for postage. Any member of the Settlement Classes who does not file a valid and timely request for exclusion shall be bound by the final judgment dismissing the action on the merits with prejudice.

18.    Settlement Class Members who wish to make a claim must do so by submitting a claim form no later than _____September 8, 2026_____ [63 days after the Notice Date, i.e., the Opt-Out / Claims Deadline]. The Settlement Administrator shall determine the eligibility of claims submitted and distribute the Settlement Fund in accordance with the Settlement Agreement, subject to review and insight from Interim Lead Counsel.

19.    By _____October 27, 2026_____ [49 days after the Opt-Out / Claims Deadline] (the **"Motion Deadline"**), Interim Lead Counsel and Settling Plaintiffs shall file all papers in support of the motion for the final approval of Settlement (including service awards), final approval of the distribution plan, and entry of final judgment. By that same date, Interim Lead Counsel shall file all papers in support of any motion for an award of attorney's fees and costs.

20.    Settlement Class Members who wish to object to the Settlement, proposed distribution plan, or motion for an award of attorney's fees and costs must object in writing and: (a) clearly identify the case name and number (*Biddle et al. v. The Walt Disney Company*, Case No. 5:22-cv-07317-EJD); (b) include their full name, mailing address, telephone number; (c) set

forth all grounds for the objection, accompanied by any legal support for the objection known to the objector or to the objector's lawyer; (d) identify whether the objection is to the Settlement in part or in whole; (e) state whether the objection applies only to the objector, a subset of one or both of the Settlement Classes, or the entirety of one or both of the Settlement Classes; and (f) include the objector's signature (a lawyer's signature is not sufficient).

21.    Objections must (a) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113; and (b) be filed or postmarked by _____December 1, 2026_____ [35 days after the Motion Deadline] (the **"Objection Deadline"**).

22.    Any reply papers in support of the Settlement, proposed distribution plan, or motion for an award of attorney's fees and costs shall be filed by _____December 29, 2026_____ [28 days after the Objection Deadline] (the **"Reply Deadline"**).

**Final Approval Hearing**

23.    The final approval hearing shall be held by the Court on _____January 14, 2027_____, to determine whether the requirements for certification of the Settlement Classes have been met; whether the proposed settlement of the action on the terms set forth in the Settlement should be approved as fair, reasonable, and adequate; whether the proposed distribution plan should be approved as fair, reasonable, and adequate; whether the proposed service awards to Settling Plaintiffs should be approved; whether Interim Lead Counsel's motion for an award of attorney's fees and costs should be granted; and whether final judgment approving the Settlement and dismissing the action on the merits with prejudice against the Settling Plaintiffs and all other Settlement Class Members should be entered. The date and time of the final approval hearing may, without further direct notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the fairness hearing), be changed, continued, or adjourned by order of the Court.

24.     The final approval hearing will take place at:

**U. S. District Court of the Northern District of California**
**Robert F. Peckham Federal Building & Courthouse**
**Courtroom 4, 280 South 1st Street**
**San Jose, California 95113**

25.     Any objector who timely submits an objection has the option to appear and request to be heard at the fairness hearing, either in person or through the objector's counsel.

26.     Interim Lead Counsel's motion for an award of attorney's fees and costs will be considered separately from the fairness, reasonableness, and adequacy of the Settlement and proposed distribution plan. Any appeal from any order relating solely to Interim Lead Counsel's motion for an award of attorney's fees and costs, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the Settlement.

**Miscellaneous**

27.     Disney's Counsel and Interim Lead Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the Settlement Agreement.

28.     This Order may be modified by the Court upon motion by any of the Settling Parties, for good cause shown.

29.     The following chart summarizes the dates and deadlines set by this Order:

| Event | Date | Notes |
|---|---|---|
| **Notice Date**: Notice completed | July 7, 2026 | 98 days after issuance of this Order |
| **Opt-Out / Claims Deadline** | September 8, 2026 | 63 days after Notice Date |
| **Motion Deadline:** (1) Motion for Final Approval of Settlement (incl. Service Awards) and Distribution Plan and (2) Motion for an Award of Attorney's Fees and Costs | October 27, 2026 | 49 days after Opt-Out / Claims Deadline |
| **Objection Deadline:** Objections to (1) Settlement and Distribution Plan | December 1, 2026 | 35 days after Motion Deadline |

8

| | | |
|---|---|---|
| and (2) Motion for an Award of Attorney's Fees and Costs | | |
| **Reply Deadline:** (1) Replies in Support of Motion for Final Approval of Settlement and Distribution Plan and (2) Reply in Support of Motion for an Award of Attorney's Fees and Costs | December 29, 2026 | 28 days after Objection Deadline |
| **Final Approval Hearing** re (1) Motion for Final Approval of Settlement and Distribution Plan and (2) Motion for an Award of Attorney's Fees and Costs | January 14, 2027, at 9:00 a.m. | |

**IT IS SO ORDERED.**

Dated: _____March 31, 2026_____

_____
EDWARD J. DAVILA
United States District Judge

9